SHANAHAN, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. CARRIERS OF PASSENGERS: Street Railways: Boarding Car. It is the duty of a street railway company to stop its cars for a period reasonably sufficient to afford passengers an opportunity to board them, in the exercise of ordinary diligence, and, in case of age and apparent physical infirmity of a passenger, with due regard for them.

2. ———: Boarding Car: Premature Starting: Contributory Negligence. In an action by a passenger for injuries received while attempting to board defendant's car, on account of the premature starting of the car, before he had time to board it, where the evidence showed that, after waiting for a woman and child to precede him, he attempted to get on after the car was again in motion, it was a question for the jury whether he was guilty of contributory negligence in attempting to board the car under the circumstances.

3. ———: ———: ———: ———. And where in such case the conductor seized the passenger's arm in the attempt to help him on the car, and the passenger, being unable with such assistance to get on, first directed the conductor to stop the car and, when the conductor failed to do so and the speed of the car was increasing, asked the conductor to release his hold upon his arm, when he was thrown to the ground and injured, it was a question for the jury whether he was guilty of contributory negligence.

4. PRACTICE: Instructions. Instructions in a case are to be taken as a whole and it is not necessary that a single instruction should cover the whole case.

5. ———: ———: **Inconsistent Theories.** In an action for injuries caused to a passenger by the premature starting of the car before he could board it, a specification of negligence in starting the car before plaintiff had a reasonable opportunity to get on and a specification of negligence in not stopping and so avert the peril to plaintiff in being dragged while clinging to the car, are not in themselves inconsistent.

6. ———: **Contributory Negligence: Last Chance.** And in such case, an instruction based upon the last chance doctrine was proper.

7. **INSTRUCTION: Comment Upon Evidence.** An instruction which emphasizes and renders conspicuous for the consideration of the jury parts of the testimony should be refused as a commentary upon the evidence.

8. **MEASURE OF DAMAGES: Loss of Time.** In an action for damages on account of personal injuries, where the evidence showed that plaintiff had retired from business and had no definite occupation, it was improper to permit recovery for loss of time.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED *si*.

*Boyle, Priest & Lehmann, John T. Gose* and *Crawley & Jamison* for appellant.

*Thomas Morris* for respondent.

REYBURN, J.—The plaintiff, about four o'clock in the afternoon in April, 1903, attempted to get on a street car of defendant; prior, while awaiting the arrival of a car travelling eastwardly, the direction in which he wished to be transported, a woman and child, also prospective passengers, appeared and when the car halted in response to their signals, plaintiff caught the handrail with his right hand, but permitted the woman and child to precede him on the car; the woman with the assistance of the conductor first placed the child on the car, and then followed and plaintiff started

to complete his ascent to the platform or steps, but before he mounted them the conductor rang the bell, the car moved forward with plaintiff clinging by one hand to the rail, the conductor then sought to help him into the car by catching hold of his left arm, which effort failed, and plaintiff, having first appealed to the conductor to signal the motorman to stop the car which he did not do, ordered the conductor to let him go, and with the increasing velocity of the moving car, the plaintiff was forced to release his grasp of the hand-rail, and was thrown to the ground and sustained severe injuries. At the time of the occurrence, plaintiff was about seventy-three years of age, of great size and weight, exceeding one hundred and eighty pounds, and he was in the habit of carrying a cane which was grasped then in his left hand; after a lengthy and apparently successful career he had retired from active commercial life and busied himself with his own affairs, the care and management of his property.

The assignments of negligence specify carelessness in defendant's agents and servants in starting the car before plaintiff had a reasonable time or opportunity to get on the car, after it had stopped to receive passengers and in not stopping the car after it had started, so as to prevent the injuries that were imminent and perceptible to such agents and servants from the dangerous situation of the plaintiff.

The answer joined issue by general denial, also affirmatively charging contributory negligence in attempting to get on the car after warning to refrain, given by the conductor.

It is insisted that plaintiff's individual testimony established conclusively that the starting of the car was not the proximate cause of the accident, as when the car began moving, he had both feet on the ground, and but for his subsequent endeavor to get on the moving car, he would have been left in safety erect on the street and that in thereafter attempting to board the

moving car, he acted at his own peril, and as he fell as soon as the conductor, at his own order, released his arm, the defendant was relieved from any responsibility for the casualty, and the usual imperative instruction asked by it at close of testimony on behalf of plaintiff should have been given.

It was incumbent on defendant to stop the car for a period reasonably sufficient to afford plaintiff an opportunity to board the car, in the exercise of ordinary diligence on his part, with due regard to his evident advanced age and apparent physical infirmity, and the attempt made by him to get on the car under the circumstances detailed was not in itself conclusive of contributory negligence debarring recovery, but a question for the jury. [Maguire v. Transit Co., 103 Mo. App. 459, 78 S. W. 838; Bertram v. Railway, 154 Mo. 639, 55 S. W. 1040.] Nor is plaintiff precluded from recovery by his direction to the conductor to release him after the effort to drag him on the car had failed; he asserted, without contradiction, as the conductor was not examined and those passengers whose testimony was offered do not dispute the fact, that he had first asked the conductor to stop the car, and thereafter told him to let go his arm, as he stated, in order to save his life, which the conductor did, as the speed of the car increased; it was again a question within the sole province of the jury, whether, under the grave peril of the situation, the conduct of the plaintiff to escape the danger was that of a man of ordinary prudence. [Donohue v. Railway, 91 Mo. 357, 2 S. W. 424, 3 S. W. 848.]

2. The court gave of its own motion an instruction in form as follows:

"If the jury find from the evidence that on the eighteenth day of April, 1903, the plaintiff was standing at the corner of Easton and Arlington avenues in the city of St. Louis, intending to board one of the cars operated by defendant along and upon Easton avenue; and if you further find from the evidence that

a car of the defendant stopped at the corner of Easton and Arlington avenues at the usual stopping place for taking on passengers, and that while said car was so stopped the plaintiff took hold of the handrail with the purpose and intention of boarding said car and become a passenger thereon and raised one foot towards or on to the step of the platform of said car and while in such position the car started before the plaintiff had reasonable time to get aboard, if you find that it did so start, and if you further find that in consequence of such starting the plaintiff was injured, your verdict should be for the plaintiff.''

Error is imputed to this in that it authorized a verdict for plaintiff, ignoring any evidence of contributory negligence and without limiting the right of recovery to the absence of such contributory negligence on his part. This fallacious doctrine was enunciated in Sullivan v. Railroad, 88 Mo. 169, but was speedily overturned and the reasonable proposition adopted that instructions in a case are to be taken as a whole, and can not be understood by the jury as composed of men of common sense in any other way, and that a single instruction need not cover the whole case. [Owens v. Railway, 95 Mo. 169.] Nor does this instruction predicate a right of recovery upon an act of negligence not the proximate cause of the accident, as affirmed by appellant; the joint specifications of negligence in starting the car before plaintiff was afforded a reasonable opportunity to safely get on, and in not stopping subsequently to avert the peril impending in his jeopardous situation of being dragged and clinging to the car, in themselves are not inconsistent and both find abundant support in the testimony.

3.  No error can be detected in that instruction of the court which sanctioned recovery, if the jury found that after seeing the dangerous position of plaintiff, the conductor could have stopped the car by signalling to the motorman in time to have prevented the injury

and failed to exercise ordinary care so to do, which produced it. The testimony fairly permitted the conclusion that the conductor, if vigilantly attending to his duties, had been guilty of negligence in failing to notify the motorman to stop the car, as soon as he observed that plaintiff had not gotten on and particularly in the event, as plaintiff's testimony showed, plaintiff called on him to signal the motorman for such purpose.

4. The defendant asked and the court refused an instruction in the following language:

"The plaintiff by his petition declares that the conductor caught hold of plaintiff's arm with a view of assisting him to reach the platform of the car. Plaintiff further declares from the witness stand that said conductor did not release his hold of plaintiff's arm until commanded to do so by plaintiff himself. In view of these admissions of plaintiff, which you are bound to accept as true, the court instructs you that if from the evidence you believe that plaintiff's fall and injury were directly due or were directly contributed to by the conduct of plaintiff in causing the conductor to release his hold of plaintiff's arm, then plaintiff can not recover; no matter whether defendant's servants in charge of the car are guilty of negligence or not."

It is now well recognized in this State that the solemn admissions of a party made in the course of a trial have the same effect as if contained in his pleadings and, at least, for the purpose of the action, the latter are to be taken as true. [Feary v. Railway, 162 Mo. 75, 62 S. W. 452; Septowski v. Railway, 102 Mo. App. 110, 76 S. W. 693; Cogan v. Railway, 101 Mo. App. 179, 73 S. W. 738.] This instruction, however, was properly disregarded by the trial court, as it is a comment upon the evidence and emphasizes and renders conspicuous for the consideration of the jury parts of the testimony of plaintiff.

5. The measurement of damages was defined as follows:

"The court instructs the jury that if they find for the plaintiff they will assess his damages at such sum as they may believe from the evidence will be a fair compensation for the pain and anguish of body and mind that he has suffered, caused by the negligence and carelessness of the agents and servants of the defendant, including his expenses for medical services and medicines and the impairment of his eyesight and hearing, if you find that his eyesight or hearing has been impaired by the injuries he sustained, and for loss of time from his business if you believe from the evidence that the injury caused him to lose any time from the transaction of his business, and for any impairment in his physical capacity in the future to attend to any active business if you find that any such incapacity exists, and that such impairment was caused by the injuries sustained."

The personal testimony of the plaintiff betrays material and grave impairment of his senses, if not his intelligence, and the infirmities of sight and hearing, or at least their aggravation he directly attributed to the disaster, and if it was for the jury to determine whether his beliefs were justified under the evidence presented. It was apparent from the testimony that at the time of the injury and for a considerable period preceding, plaintiff had no definite occupation but collected the rental of his realty and superintended the repairs necessary thereon, and that his son had succeeded him without compensation in such affairs during his disability, and no testimony was introduced respecting the value, if any, of plaintiff's time, or from which the jury could allow him any compensation for loss of time from his business. [Haworth v. Railway, 94 Mo. App. 215, 68 S. W. 111.] The petition prayed for but one hundred dollars in return for time lost from and injury to his individual affairs, and in cases of personal injuries probably permanent and lasting in their results, such as plaintiff asserted, and the proof inclined to

show, were his injuries, the principal and chief damages to be redressed were the physical pain and mental suffering, past and future, and the permanent impairment of his physical condition.

The judgment will therefore be affirmed if plaintiff will remit within ten days from the handing down of this opinion, one hundred dollars, otherwise the case will be reversed and remanded for new trial. All concur.