(March 27, 1909.)

RICHARD E. GREEN, as Administrator, Appellant, v. J. J. BYERS, Respondent.

[101 Pac. 79.]

SUFFICIENCY OF COMPLAINT—MOTION TO STRIKE OUT CERTAIN PARTS OF COMPLAINT—WATER COMPANY—USER OF WATER—CONTRACT BE-TWEEN—DURESS—MEETING OF MINDS.

　　1. *Held,* that the averments of the answer are sufficient to put in issue the validity of the contract on which this action is based.

　　2. *Held,* under the allegations of the complaint, that the contract sued on and exacted from the defendant was not freely and fairly entered into.

　　3. Where a party is entitled to water from a ditch company and does everything that the constitution and laws of the state require him to do in order to get it, the water company is bound to deliver him the water and cannot require him to sign a special

contract binding him to do things which the law does not require him to do in order to get the water.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Ed. L. Bryan, presiding Judge.

Action to recover on a contract for the rental of water. Judgment for the defendant. *Affirmed.*

J. L. Niday, for Appellant.

"The element of coercion being essential, a mere protest or notice will not change the character of the payment or confer of itself a right of recovery." (*Harvey v. Girard Nat. Bank*, 119 Pa. 212, 13 Atl. 202.) The rule is that if the demand is illegal, and the party can save himself and his property in no other way, he may pay under protest and recover back. But if other means are open to him—if a day in court is accorded to him—he must resort to such means. (*De La Cuesta v. Ins. Co.*, 136 Pa. 62, 658, 20 Atl. 505, 9 L. R. A. 631.) Where contractual relations existed, and one of the parties thereto refused to perform unless a new contract was entered into, such new contract would not be void for duress. (*Domenico v. Alaska Packers' Assn.*, 112 Fed. 554.)

"Duress as between parties occupying no relation of confidence or of control by reason of position, employment or undue influence, can rarely be imputed, without showing some degree of fear, or threats involving in some degree a species of fraud." (*Eadie v. Slimmon*, 26 N. Y. 9, 82 Am. Dec. 395.) "The settlement of an honest controversy between two parties is a good and sufficient consideration to support a contract of settlement." (*Galusha v. Sherman*, 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 420.)

Cavanah & Blake, for Respondent.

The facts alleged are sufficient, if proved, to constitute a case of duress, which is recognized by the courts, and de-

fendant was not required under the circumstances to appeal to the courts for redress at the times the contracts were executed. (9 Cyc. 450.) A contract thus exacted is not freely and fairly entered into. (*Atchison, T. & S. F. Co. v. Dill,* 48 Kan. 210, 29 Pac. 148; *Westlake & Button v. St. Louis,* 77 Mo. 47, 46 Am. Rep. 4; *Galusha v. Sherman,* 105 Wis. 263, 81 N. W. 495, 47 L. R. A. 417; *Fargusson v. Winslow,* 34 Minn. 384, 25 N. W. 942, and cases cited.) "Payments or concessions exacted from the owner of property unlawfully withheld, in order to. obtain possession thereof, where the detention is accompanied by *immediate* hardship or *irreparable* injury, may be avoided on the ground of compulsion, although not amounting to technical duress." (*Weber v. Kirkendall,* 44 Neb. 766, 63 N. W. 35; *Joannin v. Ogilvie,* 49 Minn. 564, 32 Am. St. 581, 52 N. W. 217, 16 L. R. A. 376; 30 Cyc. 1311.)

SULLIVAN, C. J.—This action was .brought to recover on a balance of water rents claimed to be due from the defendant for the years 1903 and 1904, upon certain alleged contracts entered into by the Boise City Irrigation and Land Company for the delivery of water to the defendant for said years, which contracts were assigned to the plaintiff as administrator.

Two statements of each of the alleged causes of action are set forth in the complaint, one on the alleged contract and the other on *quantum . meruit.* The defendant in his answer denied that the water company had furnished the amount of water which it claimed to have furnished him, and alleged payment for the amount actually received. As a further defense, the defendant alleged:

"That on or about the 22d day of April he applied to the Boise City Irrigation and Land Company for water from its canal for the year 1903, for use upon the land described in first alleged cause of action set forth in plaintiff's complaint, the amount of water applied for being 100 miner's inches per day continuous flow, for which water he was willing and ready to pay a reasonable price; that said Boise

City Irrigation and Land Company, its officers and agents. refused to deliver to the defendant any water whatever from its said canal until he signed the irrigation contract attached to plaintiff's complaint marked exhibit 'A'; that by reason of the refusal of the Boise City Irrigation and Land Company to deliver to the defendant any water until he signed said alleged contract, and through fear that he would be unable to raise any crops whatever on his said land if he did not secure water from said canal, and being in immediate need of the water for irrigation of said land, defendant, although solemnly protesting to its officers and agents against said alleged contract, did sign the same; that said alleged contract is illegal and invalid and void, and that said company did not have any power or authority under the constitution and laws of the state of Idaho to enter into or require defendant to execute such a contract, and that said alleged contract was in contravention of the constitution and laws of the state of Idaho, against public policy, therefore null and void.''

Plaintiff moved to strike out the above-quoted part of defendant's answer, for the reason that said allegations did not constitute a defense to the alleged cause of action. The court overruled said motion and the trial was had before a jury, which rendered a verdict for the defendant, and judgment was entered accordingly. The appeal is from the judgment.

There are two errors assigned, which will be considered as one. It is contended that the court erred in overruling the motion to strike out said paragraph of the answer and in entering judgment. It is first contended that the motion to strike should have been sustained, for the reason that the allegations in said paragraph do not constitute a defense to either cause of action; that there are no facts alleged there indicating duress or coercion or that contain any of their elements; and that if the demand made was illegal and the defendant could not have saved his property in any other way, he might have paid the demand of the company under protest and recovered the same back in a suit at law.

In the early history of the law, legal duress existed only where there was such a threat of danger to the object of it as was deemed sufficient to deprive "a constant and courageous man" of his free will and the circumstances requisite to that condition were distinctly fixed by law. (See 9 Cyc., p. 450.) The author there says:

"Later there came a slight modification in the amount of resistance which a person was bound to make, it being changed from that of a constant and courageous man to that of a person of ordinary firmness. But with this modification duress in the common-law courts was a matter of law and subject to the exact legal test just mentioned, and oppression or threats not amounting to duress within the rigorous rules of law, regardless of whether the oppression actually deprived the oppressed party of the exercise of his free will, was remediless except by an appeal to a court of equity, where a remedy was obtainable on the ground of undue influence. The later cases, however, do not apply the strict doctrine of the common law as to duress, but apply the equitable doctrine in actions at law.

"This modern doctrine holds that there is no legal standard of resistance which a person acted upon must come up to at his peril of being remediless for a wrong done to him, and no general rule as to the sufficiency of facts to produce duress. The question in each case is: Was the person so acted upon by threats of the person claiming the benefit of the contract, for the purposes of obtaining such contract, as to be bereft of the quality of mind essential to the making of a contract, and was the contract thereby obtained? Duress, then, according to this class of cases, includes that condition of mind produced by the wrongful conduct of another, rendering a person incompetent to contract with the exercise of his free will power, whether formerly relievable at law on the ground of duress or in equity on the ground of wrongful compulsion. . . . .

"According to the modern doctrine, threats of destruction of property or duress of goods under oppressive circumstances will avoid a contract on the ground of duress, because in such

cases there is nothing but the form of agreement without its substance.''

In the case at bar, the respondent avers that the irrigation company refused to deliver him any water until he signed said contract, and through fear that he would be unable to raise any crops whatever on said land if he did not secure the water, and being in immediate need of water for the irrigation of said lands, and defendant solemnly protesting to the officers and agents of said company against signing. said contract, signed it. We think that allegation is sufficient to present an issue as to whether the defendant was under such fear or duress as would void the contract. It clearly indicates that the irrigation company was in a position to and did dictate and threaten not to let defendant have any water, and that the parties were not at armslength in the making of the contract; and in such cases, where a person is influenced to enter into a contract by threats of injury, the courts will determine whether the contract was entered into by or through wrongful ·compulsion. If, through the fear of such threats being carried out, the defendant entered into said contract, the minds of the parties did not meet and there was no valid contract entered into. Where one enters into a contract by reason of compulsion or threats, there is nothing but the form of a contract without its substance.

When a party is entitled to water from a ditch company and does all that the laws of the state require him to do in order to get that water, the company is bound to deliver the water, and cannot legally require the party making the application to sign a special contract binding him to do things which the law does not require him to do. And a contract like the one in question, executed under the circumstances alleged in the answer, is in contravention of the laws of this state and is voidable, if not void.

The judgment of the lower court is affirmed, with costs in favor of respondent.

Stewart, J., and Ailshie, J., concur.