(September 28, 1912.)

## RICHARD E. GREEN as Administrator, Respondent, v. J. J. JONES, Appellant.

### [126 Pac. 1051.]

WATER RATES—WATER RATES FIXED BY COUNTY COMMISSIONERS—ES-
TABLISHING NEW RATES—WHEN CAN BE ESTABLISHED—OLD RATES
IN FORCE UNTIL NEW RATES ESTABLISHED.

(Syllabus by the court.)

1. Under the provisions of sec. 3297 of the Rev. Codes, a water rate established by the board of county commissioners cannot be changed within one year from the time when such rate was fixed; and under the provisions of sec. 3294, at any time after the expiration of one year from the time rates were established by the board of commissioners, any party or parties interested in either furnishing or delivering water for compensation, or any consumer, may petition the board of commissioners to fix a new maximum rate of compensation for water thereafter delivered from any given ditch, canal or conduit within the county.

2. Where a water rate was duly and regularly fixed by a board of commissioners for the year 1901, and after being attacked by the canal company upon the ground that the rate was too low, and the order of the board of commissioners fixing such rate was subsequently affirmed and approved by the court, and in 1903 the company petitioned the board to establish a new rate, and the board of commissioners, after a hearing, established the same rate that had been established in 1901, and upon application of the canal company such rate was vacated and set aside by the court as being too low, and no further action was taken by the board of commissioners, and the matter was not further called to the attention of the board by the canal company: *held*, that the old rate established in 1901 remained in force and effect until a new rate was established, and that the canal company could not charge and collect from water consumers an additional water rate established and exacted by such company which was in excess of the rate established by order of the board of commissioners in 1901.

3. Where a water rate has once been fixed by a board of county commissioners in conformity with the statute, and the means is provided by the statute whereby the water or canal company may apply to have a new rate established at any time they deem the old rate insufficient, the canal or water company is relegated to

such remedy, and after having a new rate fixed by the board set aside on the ground that it is too low and unreasonable, it may not establish its own water rate to be charged consumers, but must go to the board of commissioners to have its petition again considered and a reasonable rate established.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Ed. L. Bryan, Judge of the Seventh District, presiding.

Action in *assumpsit*. Judgment for plaintiff and defendant appealed. *Reversed.*

Cavanah, Blake & MacLane, for Appellant, cite no authorities.

J. L. Niday and A. A. Fraser, for Respondent.

The statute of this state provides that when the rates are once fixed they shall not be changed within one year from the time when such rate was so fixed. The only method by which this rate can be questioned after the lapse of one year is by a new application. (*San Joaquin & Kings River C. & L. Co. v. Stanislaus County,* 155 Cal. 21, 99 Pac. 365; *San Diego etc. Co. v. Jasper,* 189 U. S. 441, 23 Sup. Ct. 571, 47 L. ed. 892.)

AILSHIE, J.—This action was instituted for the purpose of collecting what is alleged to be a balance due for water rents for the years 1903 and 1904 on account of water furnished the defendant from the Boise City Irrigation and Land Co.'s canal. Judgment was entered in favor of the plaintiff and defendant appealed.

The board of commissioners of Ada county fixed the water rates to be charged by this company for the year 1901 in conformity with the statutes then in force. The commissioners established a maximum rate at $75 per cubic foot per second of time continuous flow. The canal company thereafter filed a suit in the United States court, alleging that the rate was so unreasonably low that it would amount

to confiscation and a taking of the company's property without due process of law. The court found against the contention made by the company and in favor of the order of the board of commissioners, and sustained the order and rate established. An appeal was thereupon taken to the circuit court of appeals for the ninth circuit, and the judgment of the lower court was affirmed. (*Boise City Irrigation & Land Co. v. Clark,* 131 Fed. 415, 65 C. C. A. 399.) The rate fixed by the board in 1901 was not further questioned until 1903, when the canal company, in conformity with the statute, petitioned the board of commissioners of Ada county to establish a new rate to be charged by it, and alleged that the old rate was too low, and that it could not afford to carry on its business and supply water at the rate previously established. The board considered and acted upon this application and thereafter entered an order fixing the same rate ($75 per cu. ft. per sec.) as had been fixed by the order of 1901. The canal company filed a suit in the federal court, seeking to have this order set aside, on the ground that the rate established was unreasonably low, and would amount to confiscation and a taking of the company's property without due process of law. The federal court, after a hearing, entered an order and decree, vacating and setting aside the order of the board of commissioners, on the ground that the rate fixed was too low, and would amount to a taking of the company's property without due process of law. No appeal was taken from this judgment and the same became final. No further application was made to the board of commissioners for the fixing of any other or different rate.

During the pendency of this proceeding the company refused to deliver water to its consumers at the rate fixed by the order, either of 1901 or 1903, and in order for the consumers to procure water for their farms without further litigation, they were obliged to sign a contract, and at the time of signing such contract to pay the rate which had been fixed by the board of commissioners. This contract also provided that the consumer "should pay such additional sum as may be found due by the company rate, or such new rate as

may be established by the board of county commissioners of
Ada county and sustained by the court." It was also stipu-
lated in this agreement that the company rate "was 1½¢
per miner's inch per day, 24 hours, a miner's inch being
called equal to 1/50 of one cubic foot per second." Under
this kind of agreement and contract, water was supplied to
the appellant herein for the years 1903 and 1904, and the
judgment entered in this case represents the difference which
would be due to the company under this agreement if the
rate established and exacted by the company under this con-
tract is upheld and can be collected by the company.

The only question to be determined in this case is whether
the rate established by the commissioners for the year 1901
and sustained and affirmed by the courts remained in force
until a new rate was established and approved. If the rate
as established in 1901 remained in force until a new rate was
established, then there is nothing due from the appellant to
respondent, and the contract cannot be enforced. If, how-
ever, that rate did not remain in force, then the company
might charge a reasonable rate and the judgment in this case
could be sustained.

Sec. 3297 of the Rev. Codes, which provides for a hearing
before the board of commissioners and the making and en-
tering of an order establishing a just and reasonable maxi-
mum rate of compensation, provides, among other things, as
follows: "Upon hearing and considering all the evidence and
facts and matters involved in the case, said board of county
commissioners shall enter an order describing the ditch, canal
or conduit, or other waterworks in question, with sufficient
certainty, and fixing a just and reasonable maximum rate of
compensation for water thereafter delivered from such ditch
or other waterworks as last aforesaid, within the county
in which such commissioners act; and such rate shall not be
changed within one year from the time when such rate shall
be so fixed." Sec. 3294 provides that the county commission-
ers of each county, "shall, at their regular session in Janu-
ary of each year and at such other sessions as they in their
discretion may deem proper, hear and consider all applica-

tions which may be made to them by any party or parties interested in either furnishing or delivering for compensation, or by any person or persons using or consuming, water for irrigation or other beneficial purpose or purposes from any ditch, canal or conduit, the whole or any part of which shall be in such county, which application shall be supported by such affidavit as the applicant or applicants may present, showing reasonable cause for such board of county commissioners to proceed to fix a maximum rate of compensation for water thereafter delivered from such ditch, canal or conduit within such county.''

Taking these two sections together, it seems clear to us that the legislature intended that when a rate should be once established, that such rate should remain in force until a new rate could be established in conformity with the provisions of the statute. It was not contemplated that there should be any interregnum or intervening period of time that the company or the consumer should be without a legally established water rate. The statute, sec. 3294, clearly provides that application may be made for a change of the rate ''by any party or parties interested in either furnishing or delivering for compensation, or by any person or persons using or consuming, water for irrigation or other beneficial purpose.'' This statute, therefore, gives a remedy alike to the consumer and the ditch or canal owner, and at any time either party becomes dissatisfied with the rate established or feels that conditions have so changed as to make the rate either too high or too low, he may apply to the board of commissioners to have a new rate established. In the meanwhile, it stands to reason, and is clearly borne out by the statute, that the lawmakers intended that the old rate, if one had ever been established, should remain in force and effect until such time as a new rate could be established and go into effect.

Counsel for respondent have cited *San Joaquin & Kings River Canal & Irr. Co. v. Stanislaus County,* 155 Cal. 21, 99 Pac. 365, and quoted from the opinion in that case at great length as tending to support the contention that the 1901 rate did not continue in force during the years 1903 and 1904. It is

claimed that the statute directs that the rate shall be in force
and unchanged for one year, and that after the lapse of a year,
the only method by which the rate can be questioned is by a
new application. We agree with that contention, and it was
open to the company to apply for a new rate at any time
after the lapse of one year, and if such rate was unsatisfac-
tory, as was the case with the rate fixed in 1903, it might
apply to the courts to have it vacated; but the fact that one
rate was vacated did not justify it in assuming that it could
fix its own rates thereafter. If the company procures a judg-
ment and decree of a court, setting aside and vacating a rate,
on the ground that it is too low, it is the duty of the com-
pany to make a new application or else have the old applica-
tion acted upon again. If the order made by the board on
the application of the canal company to have a reasonable
maximum rate established was set aside and vacated, then it
was the duty of the board of commissioners to proceed again
to a hearing upon that same application and fix a just and
reasonable rate; and if the board failed to act, it was the
duty of the canal company to call the matter to their atten-
tion and have them act. A careful examination of the Stanis-
laus county case, *supra,* convinces us that it is rather against
respondent than in his favor, and that it supports the view
above expressed.

It is contended, however, by respondent that although the
rate established in 1901 was confirmed and approved by the
courts, the same rate established in 1903 was disapproved by
the same court, and that now to allow the consumers to have
water at the 1901 rate for the same period that would have
been covered by the rate established in 1903 allows the con-
sumers to indirectly accomplish what they could not do di-
rectly. The answer to this proposition is that the statute was
clear and the means available to the canal company to have
a reasonable and just rate established for the year 1903, al-
though the first order entered by the board was vacated, and
that failure of the company to take the proper proceeding
to have a rate established does not justify it in establishing
its own rate in contravention of the provisions of the statute.

Neither did it justify the company in forcing the consumer to sign a contract for another or higher rate. (*Green v. Byers*, 16 Ida. 178, 101 Pac. 79.) The rate originally established was adjudged and decreed reasonable, and must be presumed to have remained reasonable until such time as that rate was changed in conformity with the statute.

It is clear to us that the 1901 rate was the legally established rate during the years 1903 and 1904, and is the only rate that the canal company could lawfully charge or collect for those years.

The judgment is therefore reversed and the cause is hereby remanded, with directions to the trial court to take such further proceedings as may be necessary in conformity with the views herein expressed. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.