(March 11, 1922.)

## THEODORE VAN METER, Respondent, v. MARY A. ZUMWALT and CHARLES ZUMWALT, Wife and Husband, Appellants.

[206 Pac. 507.]

INFORMAL JUDICIAL ADMISSIONS—PAROL EVIDENCE TO INVALIDATE EXECUTION OF INSTRUMENT — DEFENSES — WANT OF CONSIDERATION — EXECUTED CONTRACT—EQUITABLE RULE—FINDINGS NOT SUPPORTED BY EVIDENCE.

1.   The sworn statements of a plaintiff when called as a witness in his own behalf which directly contradict material allegations of his complaint constitute informal judicial admissions on his part which are accorded the quality of *prima facie* proof and for the purposes of the action must be taken as true.

2.   Parol evidence of the facts and circumstances attending the execution of an instrument is properly admissible where it is alleged, by a party thereto, that he signed it while incapacitated by intoxication or under duress, but such defenses may only be established by clear and convincing proof.

3.   Want of consideration, when unconnected with fraud, is not sufficient to warrant the rescission of an executed contract by a court of equity.

4.   *Held,* that the findings of fact in this case are not supported by the evidence, and that the judgment based thereon cannot be upheld.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles F. Reddoch, Judge.

Action to rescind the transfer of certain stock.   Judgment for plaintiff.   *Reversed* and *remanded.*

Jas. P. Pope, for Appellants.

To entitle one to relief in equity ·on the ground of intoxication, such intoxication must be so deep and excessive as to deprive one of his understanding.   (2 Pom. Eq., sec. 949; 14 Cyc. 1103.)

To constitute duress, the restraint, intimidation or compulsion must have been so great as to take away the voluntary act and consent of the person.   (*Wilbur v. Blanchard,* 22 Ida. 529, 126 Pac. 1069; *Iowa Savings Bank v. Frink* (Neb.), 92 N. W. 918; *Sieber v. Weiden,* 17 Neb. 582, 24 N. W. 215; *Wolff v. Bluhm,* 95 Wis. 257, 60 Am. St. 115, 70 N. W. 73.)

Ira E. Barber, for Respondent.

A variance between allegations and proof, to be fatal, must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits. (C. S., sec. 6722; 21 R. C. L. 611; *Indianapolis Traction etc. v.·Lawson,* 143 Fed. 834, 74 C. C. A. 630; 6 Ann. Cas. 666, 5 L. R. A., N. S., 721; *Ahern v. Oregon T. & T. Co.,* 24 Or. 276, 33 Pac. 403, 22 L. R. A. 635; *Ritchie v. Carpenter,* 2 Wash. 512, 26 Am. St. 877, 28 Pac. 380; *Fisk v. Tank,* 12 Wis. 276, 78 Am. Dec. 737; *Davidson Groc. Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929.)

A verdict founded upon conflicting evidence will not be disturbed where there is substantial evidence to sustain it. (*Lisenby v. Intermountain St. Bank,* 33 Ida. 101, 190 Pac. 355; *Consolidated etc. Min. Co. v. Morton,* 32 Ida. 671, 187 Pac. 791, and cases cited; *Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Neil v. Hyde,* 32 Ida. 576, 186 Pac. 710.)

Van Meter's statements of opinion as to his own condition were not "conclusively true," but, together with the other evidence thereon, were to be weighed by the court,—whose

decision was conclusive.   (*Hill v. West End St. R. R.*, 158 Mass. 459, 33 N. E. 582; *Wiley v. Rutland. R. Co.*, 86 Vt. 504, 86 Atl. 808 (syl.); *Matthews v. Story*, 54 Ind. 417; *First St. Bank v. Braden*, 39 S. D. 53, 162 N. W. 929; *Park v. Robinson*, 15 S. D. 551, 91 N. W. 344.)

"The inquiry should always be directed to the truth of the fact in dispute, and not as to whether a party to the suit made a statement regarding a fact against his interest." (*Shepard v. St. Louis Transit Co.*, 189 Mo. 362, 87 S. W. 1007; *Zander v. St. Louis Transit Co.*, 206 Mo. 445, 103 S. W. 1006; *Conner v. Missouri Pac. Ry. Co.*, 181 Mo. 397, 81 S. W. 145; *Meyers v. Chicago etc. Ry. Co.*, 171 Mo. App. 283, 157 S. W. 362; *Ephland v. Missouri Pac. Ry. Co.*, 57 Mo. App. 147; *Ferguson v. Sturch*, 61 Pa. Super. 516.)

"The jury is not bound to accept the undisputed testimony of a party as true, but may weigh its credibility the same as other evidence." (*Lavalleur v. Hahn*, 167 Iowa, 269, 149 N. W. 257; *McReynolds v. Coney etc. B. R. Co.*, 170 App. Div. 314, 155 N. Y. Supp. 655.)

BUDGE, J.—This action was brought by respondent to recover 20,000 shares of the capital stock of the Fern Quick Silver Mining Company.

In the complaint it is alleged that respondent transferred 25,000 shares of said stock to appellant, Mary A. Zumwalt, on October 25, 1918, 5,000 shares of which were transferred by her to one Drake prior to the commencement of this action; that on and prior to said date respondent was indulging in the use of intoxicants, which rendered him apprehensive and incapable of transacting business with ordinary safety and precaution, and that appellants, knowing such condition, induced respondent to transfer said stock to Mrs. Zumwalt, by means of threats of criminal prosecution. Appellants in their answer deny the allegations of the complaint relating to respondent's mental condition, and the use of threats by them to procure the transfer of said stock, and allege that the stock was transferred pursuant to an agreement theretofore entered into between respondent and Mrs.

Zumwalt, by which the latter undertook to and did receive into her home · and care for two minor children for such reasonable compensation as she might charge respondent; that respondent failed and refused to pay Mrs. Zumwalt therefor in money, but offered to and did transfer said stock to her in payment for such services.

The cause was tried to the court without a jury. Judgment was entered in favor of respondent from which this appeal is prosecuted. Appellants assign as error the insufficiency of the evidence to support the findings of fact, that the findings do not support the judgment, and that the court erred in not making certain findings of fact warranted by the evidence.

From the uncontroverted evidence on behalf of respondent it appears that on the morning of October 25, 1918, respondent walked with Mrs. Zumwalt from her home to the business district of Boise, during which time the transfer of the stock in question was discussed; that he left her on the street and went into a hotel for the purpose of getting something of an intoxicating nature to drink; that he had drank nothing prior to going into the hotel; that he went into a room in the hotel, where he remained about fifteen minutes, and took three drinks which were given him by a friend; that when he left the hotel he was feeling "pretty comfortably full," but did not consider himself drunk; that after leaving the hotel he again met Mrs. Zumwalt, with whom he went, freely and voluntarily, to the office of attorney Adams, secretary of the company, where he transferred the stock to her, filling out the certificates in his own handwriting; that he went from Adams' office to the Pacific National Bank and purchased part of the revenue stamps necessary to be placed on the certificates, and Mrs. Zumwalt went out and procured the balance of the revenue stamps, during which time he remained in Mr. Adams' office. Respondent testified that he knew clearly and exactly what he was doing, was perfectly rational, and was not nervous at the time he assigned the stock to Mrs. Zumwalt.

Moreover, respondent upon cross-examination repudiated the very grounds upon which rested the cause of action stated in the complaint, by testifying in part as follows:

"Q. Was this portion of the complaint, Mr. Van Meter, read to you or did you read it and understand it at the time you were signing it: ' . . . ', and on the twenty-fifth day of October, 1918, and for many days prior thereto, plaintiff had been and was indulging in the use of intoxicants to an extent which had rendered him and did render him subject to be controlled by fear, arising from threats such as hereinafter set forth, and incapable of transacting business with ordinary safety and precaution, and which such mental condition had then and there rendered plaintiff gloomy and apprehensive and without the possession and exercise of his mental faculties and judgment.' Was that read to you at that time?

"A. I don't know. If it had been I would have objected to it all right enough because if I am in that fix I had better be confined somewhere.

"Q. And you were in full possession of your mental faculties and judgment at that time as to this transaction?

"A. As to that transaction, yes. I am not denying the transaction at all, no way, shape, manner or form.

"Q. Calling your attention to the same complaint which we referred to a minute ago, I'll ask you if this portion of it was called to your attention at the time you signed and swore to it: 'and that the defendants Zumwalt, acting by and through the defendant Mary A. Zumwalt, well knowing the said mental condition and state of plaintiff, did at divers times on and preceding said October 25th, and for the purpose of cheating, swindling and defrauding this plaintiff, then and there threaten plaintiff with prosecution for contributing to the delinquency of a minor female child.' Did they call your attention . . . . to that . . . . ?

"A. He threatened me with prosecution.

"Q. In the complaint you state that on the twenty-fifth of October and at divers times preceding that date she threatened you with prosecution.

"A. Oh, no, there is a mistake there some way or other. She never threatened me with prosecution whatever that I remember of.

"Q. If they had called your attention to this complaint in that regard you would have corrected it?

"A. I undoubtedly would because that never occurred at all. I never knowed them to threaten me with anything.

"Q. You didn't tell your attorney or anyone else you had any conversation with her in which she threatened you prior to October 25?

"A. No, sir, I did not because she never threatened me.

"Q. That was put in the complaint without your knowledge or without consent?

"A. I do not recollect that I know of."

Notwithstanding respondent's testimony, the court found that:

"On the twenty-fifth day of October, 1918, [respondent] was indulging in the use of intoxicants to an extent which had rendered him and did render him subject to be controlled by fear arising from threats, and such as had rendered and did render him incapable of transacting business with ordinary safety and precaution, and such as had rendered and did render him without the possession and exercise of his mental faculties and judgment to that degree which would enable him to protect his property and husband the same; that the defendant Mary A. Zumwalt well knew of said mental condition and state of plaintiff at said time, and did, on said October 25, 1918, for the purpose of cheating, swindling and defrauding plaintiff, threaten him, plaintiff, with prosecution for contributing to the delinquency of a minor female child unless he, plaintiff, did then and there transfer to the defendant Mary A. Zumwalt twenty-five thousand shares of such capital stock; and that plaintiff did then and there, being in such mental condition and being exercised by the fear or the notoriety which such threatened action would occasion to said minor child, cause to be transferred to said Mary A. Zumwalt twenty-five thousand shares of said capital stock."

From a careful examination of the record, and a consideration of the above and other similar testimony therein, we are convinced that this finding of fact is not supported by the evidence, but is contrary to the evidence. The statements contained in the evidence of respondent, as above quoted, constitute informal judicial admissions on his part, which are accorded the quality of *prima facie* proof. (Chamberlayne's Handbook on Evidence, secs. 515 and 516.)   As is said in *Merrill v. Leisenring,* 166 Mich. 219, 131 N. W. 538: "Where a man voluntarily admits a fact against his interest, the ordinary motives of human conduct are sufficient warrants for its belief. And it is only fair to presume until the contrary is shown that it is correct. If the testimony is of such a character as to constitute an admission of the party, it is not necessary to lay the foundation for its reception, or even to cross-examine the party on the subject. In this case the plaintiff had testified in his own behalf. It is an elementary doctrine that testimony given by a party containing material admissions is always competent against him."

In *Shanahan v. St. Louis Transit Co.,* 109 Mo. App. 228, 83 S. W. 783, the court said: "It is now well recognized in this state that the solemn admissions of a party made in the course of a trial have the same effect as if contained in his pleadings, and, at least for the purposes of the action, the latter are to be taken as true."

And in *Cogan v. Cass Ave. & F. G. Ry. Co.,* 101 Mo. App. 179, 73 S. W. 738, it is held that: "From the general rule that plaintiff's admissions in evidence are binding upon him (for the purposes of the trial when they are made), it is a necessary deduction that the strongest admission he so makes must be accepted as the extent of his concession, unless (before he closes his evidence) he shows that there was some mistake or misapprehension in what he stated."

Parol evidence of the facts and circumstances attending the execution of an instrument is properly admissible where it is alleged, by a party thereto, that he signed it while in-

35 Idaho—16

capacitated by reason of intoxication or under duress, but such defenses may only be established by clear and convincing proof. Not only did respondent fail to meet this burden of proof which rested upon him, but he also failed to overcome the *prima facie* disproof of mental incapacity or duress occasioned by his admissions during the trial, or to show that such admissions were the result of mistake or misapprehension on his part.

Finally, respondent urges that there was no consideration moving to him for the transfer of the stock. While equity will seize upon the slightest circumstances of oppression, fraud or duress for the purpose of administering justice in the case in hand (4 R. C. L., Cancellation of Instruments, sec. 14, p. 501; *Kronmeyer v. Buck,* 258 Ill. 586, 101 N. E. 935, 45 L. R. A., N. S., 1182), it will not rescind an executed contract for want of consideration unless it has been tainted with actual fraud. (*Beebe v. Swartwout,* 8 Ill. 162.) Want of consideration, when unmingled with fraud, is not sufficient to warrant the rescission of an executed contract. As said by the supreme court of Indiana in *Hardy v. Brier,* 91 Ind. 91: "Equity cannot relieve parties from consequences into which they have been led by their own inexcusable negligence or folly. . . . . But to authorize equitable relief, by the cancelation of a written instrument, some element of fraud, excusable accident, or mistake, must have entered into the transaction, whereby its execution was induced."

Since the findings of fact are not supported by the evidence, the judgment based thereon cannot be upheld. The judgment is reversed and the cause is remanded, with instructions to the trial court to make findings of fact and enter its judgment in accordance with the views herein expressed. Costs are awarded to appellant.

Rice, C. J., and Dunn, J., concur.