206 P.2d 519

**INLAND EMPIRE REFINERIES, Inc. v.**
**JONES et al.**
**No. 7443.**

Supreme Court of Idaho.
May 17, 1949.

James T. Donald, Baker, Or., Ariel L. Crowley, Boise, for appellant.

George Donart, Weiser, Herman Welker, Payette, for respondents.

PORTER, Justice.

On April 29, 1947, appellant brought this action in Washington County, seeking judgment on a promissory note in the principal sum of $2,838.07. The defendant, N. C. Jones, failed to answer and judgment was entered against him by stipulation. Such judgment is not involved in this appeal. Defendant, Ralph L. Crane, hereinafter referred to as respondent, filed an answer affirmatively alleging that he signed the note under duress and without consideration. A trial was had on the issues thus formed. The jury brought in its verdict for the respondent, and judgment was entered accordingly. A motion for judgment notwithstanding the verdict and a motion for new trial were made by the appellant. Both motions were denied by the trial court.

Appellant has appealed to this court from the judgment and from the orders denying the motion for judgment notwithstanding the verdict and the motion for new trial.

Appellant is a Nevada corporation authorized to do business in Washington and Idaho. It deals in petroleum products. It maintains offices in Spokane, Washington. H. C. Peterson is its credit manager and one J. K. Soper, its district manager.

On January 20, 1944, the respondent became an agent of the appellant for the sale of its products on commission. He was in charge of its bulk plant at Ontario, Oregon. Under the terms of his written contract with the appellant, he was only permitted to extend credit to purchasers for such amounts as were authorized in writing by appellant. He was liable for any unpaid accounts where credit was not authorized, or exceeded the authorized amount.

During the year 1944, the respondent gave credit to one N. C. Jones, a logging operator, to the extent that on February 15, 1945, Jones was indebted to the appellant in the sum of $2,838.07. It is admitted that the appellant authorized in writing this credit to the extent of $600. The respondent testified that, in company with the district manager, Soper, he called upon Jones several times with reference to this account. That in company with Soper, he sold merchandise to Jones on credit after the account exceeded $600. That the additional credits to Jones were verbally authorized or approved from time to time by Soper or by the credit manager, Peterson. That a few days before February 15, 1945, Peterson and the respondent called upon Jones. That after talking to Jones, Peterson said to the respondent: "Ralph, this is a good account; let's not lose it." That Peterson thereafter sent to the respondent a promissory note to cover the $2,838.07 with a request that respondent get Jones to sign the same. That respondent had Jones sign the note and returned it to the company in Spokane.

The note in question is in evidence as plaintiff's exhibit No. 1. It is made payable on demand, is written in the singular, and contains an "x" on the line where the same was to be signed by Jones and bears the date February 15, 1945. It was received and retained by appellant. After the signing and delivery of such note, the respondent continued to sell merchandise to Jones on C. O. D. and on credit. He made monthly settlements with appellant and no part of the Jones indebtedness was charged back to him.

The respondent was a married man with a family. He was duly registered with his draft board. On or about June 10, 1945, he was notified to appear for induction, the time for his appearance being eventually fixed at July 27, 1945. On July 23, 1945, the respondent was in Spokane for the purpose of settling up his business with the appellant. The settlement negotiations were with the credit manager, Peterson. Respondent was given credit for his commissions earned, for his stock of merchandise and for a truck and other personal property taken over by the appellant. He was charged with $600 due the company and $1,688 accounts receivable which the

company claimed represented over-extended credit. Respondent denies that such credit was unauthorized but consented to the charge of same to his account and took an assignment of such accounts receivable. A balance was struck wherein it appeared that the appellant owed the respondent the sum of $1,147.

Respondent testified that thereupon the following conversation took place: "I ask Peterson for the balance of $1,147.00 I had coming and he said, 'Before we can do anything about that, will you sign a note as co-maker with N. C. Jones.' I said 'I will not sign it. It was credited approved by you and I feel it is no obligation of mine.' He said 'You will sign the note or we will not settle with you now.' "

The respondent disclaimed any liability on the Jones note. However, it was evident that he could not receive his $1,147 unless he signed the same. He had less than $100 in cash and was due for induction into the armed services at Salt Lake City in four days. He had to make provision for his family. These facts were known to Peterson. Respondent testified that he signed the note unwillingly in order that he might immediately get the cash due him so as to provide for his family before entering the service; and that "there was nothing to do but sign." The note was signed in the office of Guy R. Enlow, Treasurer of the appellant. Peterson and Enlow both testified that everything appeared to be friendly and satisfactory at the time of the signing of the note. However, they both made it clear that they would not have paid Crane if he had not signed the Jones note.

The appellant makes five assignments of error, some of same subdivided. However, on page 18 of its brief it states: "Fundamentally, all the assignments of error go to the same point, to-wit, that there is no legal duress shown in this case."

In Green v. Byers, 16 Idaho 178, 101 P. 79, 80, the Court, after discussing the modern enlargement of duress, approves the rule that duress now "includes that condition of mind produced by the wrongful conduct of another, rendering a person incompetent to contract with the exercise of his free will power"; and also approves the rule that "threats of destruction of property or duress of goods under oppressive circumstances will avoid a contract on the ground of duress, because in such cases there is nothing but the form of agreement without its substance." See also Wilbur v. Blanchard, 22 Idaho 517, 126 P. 1069; Van Meter v. Zumwalt, 35 Idaho 235, 206 P. 507; Dickey v. Clarke, 65 Idaho 247, 142 P.2d 597.

Business compulsion is not established merely by proof that consent is secured by pressure of financial circumstances; or that one party insisted upon a legal right and the other party yielded to such insistence. Neither will a mere threat to withhold from a party a legal right which he has an adequate remedy to enforce, constitute duress. Generally, the

demand by one party must be wrongful or unlawful, and the other party must have no other means of immediate relief from the actual or threatened duress than by compliance with the demand. 17 Am.Jur., 879, 880; Ramp Buildings Corporation v. Northwest Building Co., 164 Wash. 603, 4 P.2d 507, 79 A.L.R. 651, Ann. 655; Lonergan v. Buford, 148 U.S. 581, 13 S.Ct. 684, 37 L.Ed. 569.

The appellant does not challenge the correctness of the instructions of the trial court to the jury with respect to legal duress or otherwise.

█ It must be conceded that the appellant could waive the provisions of the written contract requiring credit limits to be fixed in writing. Such waiver could be oral, Smith v. Washburn-Wilson Seed Co., 54 Idaho 659, 34 P.2d 969; or might be inferred from a course of conduct inconsistent with a reliance upon such provision in the contract. 67 C.J. 304-5.

█ Whether or not the appellant waived the contract provision that credit limits should be fixed in writing and otherwise approved the additional credit to Jones, was a disputed question of fact for the jury. 67 C.J. 311-12. The answer to such question was determinative of whether the appellant at the time the note was signed was insisting upon the recognition of a legal obligation and the respondent yielded to such insistence, or whether the appellant was wrongfully insisting upon the respondent assuming an obligation not his own.

█ It fairly appears that the appellant threatened to withhold from the respondent the money to which he had a legal right after the mutual accounts were balanced. Whether or not the respondent by such threat, under the circumstances disclosed in this case, was rendered incompetent to contract with the exercise of his free will power, was likewise a question of fact for the jury.

█ Appellant complains that the answer commingled the defense of duress and the defense of lack of consideration, and that the trial court should have sustained appellant's motion to compel an election between such defenses. The affirmative answer of the respondent contains but the single defense of duress. Lack of consideration was a necessary part of such defense in order to meet the contention that appellant's threat was for the purpose of obtaining a written promise to pay a debt actually owed. Wilbur v. Blanchard, supra.

█ Appellant urges that respondent could not enter into a general contract of settlement, the provisions of which are not separable, retain the benefits of part of it, and repudiate the rest of it. The respondent does not quarrel with this rule, but points out that the legitimate debits and credits of the parties were considered and a balance struck; and that thereafter the question of the liability of respondent

for Jones' indebtedness and of his signing Jones' note was considered. We agree with respondent that such matter was separate and distinct from the main settlement agreement.

 Appellant contends that the court erred in overruling its objection to the testimony as to conversations between Peterson and respondent, after conference with Jones, had immediately prior to the execution of the note by Jones; and that such testimony was for the purpose of varying by parol the terms of the written instrument. The evidence as to these conversations tended to show that Peterson approved the credit extended. We find no merit in appellant's contention.

It appearing that the evidence is sufficient to sustain a finding of duress, the motion for judgment notwithstanding the verdict was properly denied.

Appellant does not discuss in its brief any claim of error on the part of the trial court in denying the motion for new trial except the general one that the evidence is insufficient to show duress. The record does not disclose that any objection was made to remarks of counsel for respondent in their arguments to the jury, set out as one of the grounds for a new trial. The matter was determined by the trial court upon affidavits and counter affidavits. In the absence of a showing of abuse of discretion, the action of the trial judge in denying the motion for new trial will not be disturbed. Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142.

In accordance with the views expressed herein, the judgment of the trial court is affirmed. Costs are awarded to respondent.

HOLDEN, C. J., and GIVENS, TAYLOR, and KEETON, JJ., concur.