### LICHTENBERG v. HARVEY et al.
### No. 199.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

The opinion of Judge Patterson of the District Court was as follows:

This is a suit in equity by a trustee in bankruptcy in pursuit of an alleged voidable preference. The bankrupt was engaged in installing heating systems. Late in December, 1926, or early in January, 1927, certain merchandise formerly in his shop, of the sort used by him in his business, was transferred by the individual Harvey to the corporate defendant for a consideration of $600. The corporate defendant also took over the accounts receivable and executory contracts standing in the bankrupt's name. It appears that the bankrupt early in 1926 had become embarrassed for lack of working capital wherewith to carry on his business. Harvey, knowing this but believing him to be solvent, agreed in April to advance moneys from time to time for the prosecution of the business, receiving as security conveyances of certain real estate owned by the bankrupt and his wife. Thereafter Harvey made advances at various times from April until December, 1926, the total of which was about $6,000. By November the debtor's affairs had reached a critical stage. One of his creditors had recovered judgment against him and had commenced supplementary proceedings. The next we know is the conveyance in January, 1927, by Harvey to the corporate defendant, a new company organized and controlled by him, of the articles formerly possessed by the bankrupt. The petition in bankruptcy was filed on February 1, 1927.

■ It is the claim of Harvey and the bankrupt that it was orally agreed between them, at the time of the original agreement in April, that all the assets of the business (tangible property, accounts, and contracts) should be transferred to Harvey as further collateral security for the repayment of the advances, and that consequently Harvey had had title to this property for nearly a year prior to bankruptcy. This may have been the general intention of the parties, but they did not take any steps to carry their intention into effect. The writing delivered by Harvey in June, 1926, as a memorandum of the understanding between them, mentions the conveyance of real estate to serve as collateral security for advances, but makes no mention of any assignment or transfer of merchandise, accounts, or contracts as collateral security. To my mind this writing is significant evidence of the fact that, when the parties got down to concrete details concerning the arrangement between them, any vague idea of pledging the merchandise and

choses in action was abandoned. Even if the oral contract made in April had definitely included these assets, the written contract in June superseded the oral agreement in April, and from that time forth Harvey had no lien upon the assets used by the debtor in his business. It may further be noted that, so far as any lien upon the tangible merchandise is concerned, such a lien by mere oral agreement, without change of possession, was of course void. Lien Law (Consol. Laws N. Y. C.) § 230; Personal Property Law (Consol. Laws N. Y. c. 41), § 45. As for the accounts and contracts, an oral assignment may be legally sufficient. But in this case it appears that control of the accounts and moneys to fall due was left with the alleged assignor. For this reason also the alleged assignment in April was void. Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991. My conclusion therefore is that the lien on or title to the merchandise, accounts, and contracts, by virtue of an alleged agreement made in April, cannot be sustained.

It is contended by the defendants that there is no evidence as to when the merchandise, accounts, and contracts were turned over by the bankrupt to them, except for their testimony as to the April transaction. There are, however, facts in evidence which point to the inference that they were transferred within four months prior to February 1, 1927. In November, 1926, the bankrupt was still conducting his business and was presumably using the merchandise in connection with it. The transfer by Harvey to the corporation occurred in late December or early January. The only reasonable conclusion is that between these dates, probably in December, the bankrupt transferred his entire trade assets to Harvey in partial satisfaction of the latter's claim, or as further collateral security for it.

I find present in this case every element of a voidable preference. There can be no doubt that Harvey had reasonable cause to believe that the bankrupt was insolvent at the time of the transfer. It is probably true that it was Harvey's money that purchased the merchandise and, indirectly at least, brought the accounts receivable into existence. That, however, is a matter which the court cannot take into consideration. If he had taken the necessary steps when he made the advances, so as to obtain a lien upon the trade assets of his debtor, he could have protected his position.

I therefore find in favor of the plaintiff against both defendants. The value of the

materials is sufficiently shown to have been $600, the figure at which they were transferred by Harvey in January, 1927. As for the value of the accounts receivable, the only testimony before me shows a value of $140. The executory contracts are not shown to have had any value. The amount of the plaintiff's recovery will therefore be $740.

David V. Cahill, of New York City, for appellant.

N. William Welling, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

Judgment affirmed on opinion below.