## UNITED STATES NAV. CO., Inc., v. BLACK DIAMOND LINES, Inc.

(two cases).

District Court, S. D. New York.

Feb. 11, 1941.

Carpenter & Stevenson, of New York City (John Tilney Carpenter, of New York City, of counsel), for libelant.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for respondent.

HULBERT, District Judge.

Hearing on exceptions to libels. There are two suits in personam for damages for alleged breach of oral charters of the S/S Black Hawk and the S/S Black Tern, both of which charters were negotiated during the same period by respondent's broker and concluded at the same time. The circumstances are practically identical and the libels state substantially the same facts, except with respect to the dates when the vessels entered into and were withdrawn from the libelant's service, and the amount of damages which the libelant claims to have sustained in employing substitute vessels.

Upon exceptions to a libel, which is in the nature of a demurrer, all well-pleaded allegations of the libel must be taken as true. Suspine v. Compania Transatlantica Centroamericana, S. A. et al., D.C.S.D.N.Y., opinion dated Dec. 6, 1940, 37 F.Supp. 263, and cases there cited.

By the oral agreement entered into December 27, 1938, the respondent agreed to charter and the libelant agreed to hire the two vessels for an agreed sum per month for a period of "two to about five months trading South Africa, Capetown/Beira range, South America or the Far East"; each vessel to enter upon performance of the charter upon the completion of discharge of its inbound cargo, and the period of the charter of each vessel to continue until redelivery at a safe United States port north of Hatteras but not north of New York, upon libelant's giving not less than ten days' notice of each vessel's expected date of redelivery.

The parties further agreed that the broker should reduce the oral contract to writing which should incorporate the terms and provisions of the familiar and customary "Government form" time charter, with certain modifications and additions, as to which there is no misunderstanding or ambiguity; a copy of the charter party as prepared by the respondent's broker is

annexed to each libel. When the same were presented for execution, the respondent insisted upon a substitute written charter party limiting libelant's use and hire of each vessel to only one round voyage to South Africa and refused to permit libelant to have the use and hire of said vessels without this substituted term or condition. Whereupon, libelant executed the modified form of charter party, delivering to the respondent at the same time a letter stating that it did so under protest. The vessels were thereafter delivered to and employed by the libelant for the purposes and within the terms of the subsequent charter parties and redelivered to the respondent at the termination thereof, and suit is brought for the breach of the oral agreements reduced to writing but not signed by the parties.

There can be no doubt that the oral contract was a firm agreement between the parties, free of all ambiguity or mutual mistake and that there was a breach of that contract after it was reduced to writing and presented to the respondent for execution. The libelant might well have relied and rested upon that contract and brought suit for damages.

The respondent, no doubt, refused to execute the first contract because of the unusual conditions existing with respect to the availability and employment of ships for foreign service which made the provision for two voyages inexpedient, and the urgency of the libelant's need for bottoms no doubt impelled its acquiescence in the respondent's proposal and insistence. There is no charge of fraud, and if the circumstances under which the second charter parties were executed amounted to duress, recovery is not sought upon that theory, nor would this court have jurisdiction to so reform the contract.

It seems clear to me that in the execution of the charter parties actually signed by libelant and respondent, the former abandoned its rights under the oral contract, the chief terms of which were then incorporated in the contract as signed.

There is no cause of action alleged in either libel; the exceptions must be sustained, and a decree entered accordingly. McCabe Constr. Co. v. Utah Constr. Co., D.C., 199 F. 976; Consumers' Cotton-Oil Co. v. Ashburn, 5 Cir., 81 F. 331; Housekeeper Pub. Co. v. Swift et al., 8 Cir., 97 F. 290; Lichtenberg v. Harvey et al., 2 Cir.,

57 F.2d 82; United States v. Lamont, 155 U.S. 303, 15 S.Ct. 97, 39 L.Ed. 160.

In the event an appeal is to be taken, the court must and will make findings of fact and conclusions of law which may be suggested by either party and submitted upon notice to the other, who shall in turn submit to the court any criticisms or suggestions.