CHARLES ENDRISS v. THE BELLE ISLE ICE CO.

*Contract—Novation—Mitigation of damages for breach.*

A brewer contracted with an ice company for ice at not over two dollars a ton during the season. In May the company refused to furnish ice at that rate any longer, and the brewer arranged with them for a supply at four dollars a ton, but sued them for the breach of the first contract. *Held* that it was for the jury to decide whether the later arrangement was merely a modification of the first contract, as claimed by defendant, or whether plaintiff made it, as he claimed, in pursuance of his duty to use reasonable efforts to mitigate the damages.

Error to the Superior Court of Detroit. Submitted October 5. Decided October 18.

ASSUMPSIT.    Plaintiff brings error.    Reversed.

*Geo. H. Lothrop* and *Geo. V. N. Lothrop* for appellant. In an action on a contract, a question whether a new contract was made is for the jury: 2 Pars. Cont. (1st ed.) 4, n. *b.*; 197, n. *d.*; *Wharton v. Missouri Car Foundry Co.* 1 Mo. App. 577; *Moore v. Det. Locomotive Works* 14 Mich. 266; *Lattimore v. Harsen* 14 Johns. 330; *Munroe v. Perkins* 9 Pick. 305; *Lawrence v. Davey* 28 Vt. 264; one who suffers from a breach of contract must so act as to make his damages as small as he reasonably can. *Parsons v. Sutton* 66 N. Y. 98.

*C. J. Reilly* for appellee.

GRAVES, C. J.    The ice company agreed with plaintiff, who is a brewer, to furnish him with the ice he would require for his brewery during the season of 1880 at $1.75 per ton, or in case of scarcity $2 per ton.    The parties proceeded under the contract until May, at which time the ice company refused further performance and so notified the plaintiff.    Shortly afterwards the parties arranged that the ice company should furnish ice at $5 per ton; but this was soon modified by reducing the price to $4 per ton.    This arrangement it seems was carried out.    The plaintiff however brought this suit to recover damages for the breach of the original contract, and his contention was that when the ice company broke that contract the law made it his duty to use reasonable efforts to mitigate the damages, and hence to provide himself with ice on the best practicable terms, and without regard to the individuality of the party of whom it could or might be obtained, and that acting in accordance with that duty he made a new contract with the ice company, and one wholly distinct from that which the company refused to perform, at $4; and without waiving or impairing his right to hold the ice company for its violation of the original contract.

The ice company claimed on the other hand that the second arrangement was merely a modification by consent

of the first, and that it left open no ground of action on account of the refusal of the company to perform the contract as it was originally made.

The trial judge was of opinion that the evidence was all one way, and that it afforded no room for argument in favor of the position of the plaintiff, and he ordered a verdict for the defendant. We are not able to concur in this view.

We think the circumstances raised a question for the jury, and that it should have been left to them to construe and weigh the evidence, and at length decide between the conflicting theories. *Goebel v. Linn* 47 Mich. 489, has no application. The suit there was on a note, and the question was on the existence of legal consideration, and whether the defense of duress was compatible with admitted facts.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.