## McCABE CONST. CO. v. UTAH CONST. CO.

(District Court, D. Oregon. October 21, 1912.)

### No. 3,876.

CONTRACTS (§ 245*)—RIGHT OF ACTION FOR BREACH—WAIVER BY EXECUTION OF SUBSTITUTED CONTRACT.

A party to a contract, which, on being notified by the other party that it would not perform, yielded to the demand of such other, and voluntarily, although under protest, entered into a new contract covering the same subject-matter, which was performed by both parties, cannot maintain an action for breach of the first contract, which was necessarily superseded.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1129. 1130; Dec. Dig. § 245.*]

At Law. Action by the McCabe Construction Company against the Utah Construction Company. On motion by defendant for judgment on the pleadings. Motion sustained.

Lamoreaux & Sleight, of Portland, Or., for plaintiff.

Charles Stout, of Portland, Or., and Howat, Macmillan & Nebeker, of Salt Lake City, Utah, for defendant.

BEAN, District Judge. The purpose of this action is to recover damages for the alleged breach of an oral contract between the plaintiff and the defendant, and has been submitted on a motion for judgment on the pleadings.

It appears from the averments of the pleadings, which, for the purposes of this motion must be assumed to be true, that in 1909 the defendant had a contract for the construction of a portion of the railway line of the Oregon Eastern Railway Company from Natron to Klamath Falls. In August of that year it sublet part of the work by verbal contract to the plaintiff at certain stipulated prices and under certain classifications. Plaintiff thereafter transported its employés, machinery, and supplies to the place of the proposed work at great expense and commenced the performance thereof. After it had been engaged in the work for about 10 days, the defendant notified it that it would not "perform the contract as originally made, but would require the plaintiff to do such work at different prices [less] than those originally fixed and would require additional and different classifications." Plaintiff refused to assent to any such change in the contract and strenuously objected thereto; but the defendant, by its authorized agent, "then and there informed the plaintiff that it would not proceed with the contract as originally made, and that the plaintiff could either accept the changes then tendered or stop work and go no further under the original contract," and thereupon presented to the plaintiff a written agreement embracing the proposed changes in prices and classifications and in terms of payment, and "demanded that the plaintiff agree to said contract and substitute it in place of the original contract." Plaintiff strenuously objected and protested, and expressly refused to assent to the change by way of substitution; but since it had gone to great expense in taking its outfit, men, and supplies to the place of work, and would be under very great expense to take the same back to Portland, and did not then know any place where or party with whom it could enter into another contract which would keep it employed, if it discontinued work on the original contract on account of the breach thereof by the defendant, "under protest and only" for the purpose aforesaid, and to mitigate the damages, it signed and executed said written contract. Plaintiff thereafter performed the work in accordance with the terms of the written contract and has been paid in full therefor.

This is an action to recover for the breach of the original contract, the contention being that, when the defendant refused to be further bound thereby, it became the duty of the plaintiff to use every reasonable effort to mitigate the damages by obtaining other employment, and that the party of whom it could or might obtain such employment is immaterial, and therefore the making of a new contract with the defendant for the performance of the same work as the original at different prices and under different classifications did not waive or impair its rights to hold the defendant liable for a violation of the first contract, unless it was expressly so agreed.

Authorities of which Endris v. Belle Isle Ice Co., 49 Mich. 279, 13 N. W. 590, is an example, have been cited, which seem to support the doctrine invoked in cases of partly performed contracts for sale and delivery of personal property; but it is not perceived how this principle, if sound, can have any application to the facts of the pres-

ent case. Here the plaintiff had its election, upon the breach of the original contract by the defendant, to either stand on the contract and hold the defendant responsible for damages for such breach, or to accept the defendant's demand that it enter into another contract covering the same work at different prices and under different classifications "as a substitute and in place of the original." It chose the latter. It entered into the second contract of its own accord, although unwillingly. It performed the work thereunder, and has received the compensation stipulated therein. The fact that it protested against executing the second contract, or did not expressly assent to the change by way of substitution, does not affect its position for the better. It did, in fact, execute the contract voluntarily, and not through fraud or duress. If it had desired to rely on the first contract, it should have refrained from acceding to defendant's demand and entering into the second contract; for, as said by Mr. Justice White in International Contract Co. v. Lamont, 155 U. S. 310, 15 Sup. Ct. 99, 39 L. Ed. 160:

"A party cannot avoid the legal consequences of his acts by protesting, at the time he does them, that he does not intend to subject himself to such consequences."

The second contract covers, and was intended by the parties to cover, the same subject-matter as the first and therefore superseded it. It is a legal impossibility for two inconsistent contracts covering the same subject-matter between the same parties, each intending to fix the entire compensation for the same services, to exist at the same time. When, therefore, the defendant required, as a condition to plaintiff proceeding with the work, that it enter into a new contract, fixing other and different prices for the entire work, and it acceded thereto, and signed the contract, such contract necessarily superseded, abrogated, and took the place of the first, as a matter of law, and became the measure of the obligation of both parties. International Contract Co. v. Lamont, supra; Consumers' Cotton Oil Co. v. Ashburn, 81 Fed. 331, 26 C. C. A. 436; Krebs Hop Co. v. Livesley, 59 Or. 574, 114 Pac. 944, 118 Pac. 165.

No damages are alleged to have accrued to the property of the plaintiff between the making of the first and the second contract, nor is any loss of any kind set out. The only claim is that, by the defendant's refusal to permit it to proceed under the verbal contract, the plaintiff was damaged in a large sum. As the plaintiff performed the work agreed upon, and was paid the price stipulated in the written contract, its damages, if it could recover at all, would be the difference between what was received and what was agreed to be paid under the first contract. What it really seeks to recover, therefore, is the price agreed to be paid under the first contract, less the amount paid and received under the second. In other words, it is seeking to recover on the verbal contract, notwithstanding a subsequent agreement covering the scope of the first contract in every detail. This it attempts to do by setting forth the reasons that impelled it to enter into the second contract, instead of standing on the first. The reasons, whatever they may be, do not change the legal effect of the act of the

plaintiff in making the second agreement. The court cannot inquire into the reasons which prompted the execution of the contract, as long as it was voluntarily done, but only whether the contract was in fact executed, and the legal effect thereof.

The motion will therefore be allowed.