**FREEMAN et al. v. W. T. RAWLEIGH CO.**

No. 14887—Opinion Filed Nov. 18, 1924.

**Trial—Directing Verdict—Failure of Defense.**

Where the only defense offered to an obligation incurred by reason of a written contract is a change or alteration of said contract, and the evidence wholly fails to show any change or alteration, it is not error for the court to direct a verdict for the plaintiff, in accord with the prayer of the petition.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by the W. T. Rawleigh Company against G. L. Freeman et al. Judgment for plaintiff, and defendants appeal. Affirmed.

H. W. Broadbent and John A. Haste, for plaintiffs in error.

H. W. Fielding, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Murray county, Okla., by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants in the trial court. The record discloses that on or about the 23rd day of September, 1913, the appellant G. L. Freeman entered into a written contract with the plaintiff W. T. Rawleigh Company, to purchase, at wholesale prices, certain proprietary articles, medicines, extracts, etc., for

the purpose of reselling same to customers, and also purchased a wagon to be used in the distribution of his wares. The contract sued on is one of the ordinary contracts used by companies, such as Rawleigh Company, in dealing with their customers or employes who sell their wares and merchandise direct to the consumers, and among other things provided that the said G. L. Freeman should make weekly payments of the goods purchased.

The other appellants, Vale, Bates, T. C. Freeman, signed a bond or obligation with the said G. L. Freeman to the appellee, Rawleigh Company, wherein they become guarantors for the said G. L. Freeman, for the payment of all indebtedness incurred under the terms of the contract heretofore referred to.

The defense offered by these guarantors is that the contract was changed without their knowledge and consent, and in their answer they aver that after the contract had been executed, whereby they became obligated as sureties for the appellant, G. L. Freeman, that an agent of the Rawleigh Company delivered to the appellant, G. L. Freeman, a certain document which is styled, "Rules and Instructions about Reporting," wherein it was stated that the company required the said G. L. Freeman to remit to the company at least one-half of his cash receipts until his account was paid, and various other suggestions and directions concerning the manner or mode of conducting the business by the said G. L. Freeman, but this instrument was not signed by anyone, and in our judgment in no wise affects the contract entered into. The appellant also complained that after the execution of the contract, the said G. L. Freeman selected Murray county, Okla., in other words, Murray county was set apart to him as his territory in which to sell his wares and merchandise, which they aver is a material change of the original contract, and from an examination of same we find that there is no mention made of any particular territory in which the said G. L. Freeman should operate, and, so far as the record discloses, there were no objections made by Freeman to making the sale in Murray county, and the other appellants, guarantors for the said G. L. Freeman, neither allege nor offer any proof showing that their rights in any particular were prejudiced by reason of the said G. L. Freeman being assigned to Murray county. On the trial of the case a jury was impaneled, and at the close of the evidence the court instructed the jury that the proof failed to show that there had been any change in the contract, and that the de-

fendants, appellants in this court, were liable, and instructed them to return a verdict in favor of the plaintiff, Rawleigh Company, from which order and judgment of the court, the appellants prosecute this appeal, and set forth various specifications of error and cite numerous authorities in support of their contention based upon the theory of a change or alteration of the written contract. They cite the case of Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118, and other similar cases, which in our judgment are not applicable to the facts in this case, and further allege that the guarantors are exonerated by reason of the change or alteration as alleged, and cite the case of K. K. K. Med. Co. v. Harrington, 83 Okla. 201, 201 Pac. 496, in which the court stated:

"Where the creditor changes or alters the original obligation of the principal without the consent of the guarantor, such act on the part of the creditor exonerates the guarantor"

—which expresses a principle with which we fully agree, but has no application to the facts in this case. In the Harrington Case, the county in which the goods should be sold was set forth in the contract, and afterwards changed without the consent of the guarantor, but in this contract no county is named, the selection of some territory or county in which to operate was a necessary incident to the fulfillment of the contract, and no mention of this fact being made in the contract the presumption would be that the guarantors were willing for him to select whatever territory he wanted. This seems to be the judgment of this court in the Harrington Case, as indicated on page 203 (83 Okla.). The fact, as we view it, is simply a case of failure to pay. which is not denied or seriously controverted. and involves a principle of law so elementary and primary that we deem it unnecessary to cite authorities in support of same, and therefore recommend that the case be affirmed.

By the Court: It is so ordered.