## PARKER v. WEBER COUNTY IRR. DIST.

No. 4142. Decided May 23, 1925. (236 P. 1105.)

1. MASTER AND SERVANT—ENGINEER'S RIGHT TO PAYMENT HELD NOT DEPENDENT ON ACTUAL RENDITION OF SERVICES. Engineer's right to payment under contract of employment with irrigation district, terminable at any time, *held* not dependent on his performance of any services, but only on contract remaining effective in manner provided therein.

2. EVIDENCE—EXCLUSION OF EVIDENCE, SHOWING IRRIGATION DISTRICT'S NOTICE TO ENGINEER RENDERING CONTRACT OF EMPLOYMENT EFFECTIVE HAD BEEN GIVEN ON CONDITION WHICH WAS NEVER FULFILLED, HELD ERROR. In action against drainage district for compensation due engineer under contract of employment, which plaintiff alleged became effective on notice given by district, it was error to exclude evidence adduced by

district to show that notice was given on condition which was never fulfilled and so understood and accepted by plaintiff.

3.  CONTRACTS—WRITTEN INSTRUMENT DELIVERED ON CONDITION DOES NOT BECOME EFFECTIVE UNTIL HAPPENING OF CONTINGENCY PROVIDED FOR. Where written instrument, regardless of nature, is delivered on express agreement that it shall not become effective except on happening of certain contingency, it does not become effective until that event occurs.

4.  EVIDENCE—THAT WRITTEN INSTRUMENT WAS DELIVERED ON CONDITION THAT IT SHOULD NOT BECOME EFFECTIVE UNTIL HAPPENING OF CERTAIN CONTINGENCY MAY BE SHOWN BY PAROL. That written instrument was delivered on condition that it should not become effective until happening of certain contingency may be shown by parol.[1]

5.  CONTRACTS—EVIDENCE—WRITTEN INSTRUMENT MAY BE MODIFIED BY PAROL AGREEMENT—PAROL MODIFYING AGREEMENT MAY BE ESTABLISHED BY PAROL EVIDENCE. Duly executed written agreement may be modified by subsequent oral agreement made same day, parol proof of which is admissible, and in action against irrigation district for payments due engineer under written contract of employment parol proof of oral agreement modifying written contract sued on was improperly excluded.

6.  APPEAL AND ERROR—IMPROPERLY EXCLUDED EVIDENCE CANNOT BE EXAMINED EXCEPT TO DETERMINE ITS ADMISSIBILITY, UNLESS PARTIES SO STIPULATE. On appeal, improperly excluded evidence can only be examined for purpose of determining its admissibility, and cannot be considered by court, except parties stipulate to its correctness and authorize its consideration.

Appeal from District Court, Second District, Weber County *J. N. Kimball,* Judge.

Action by A. F. Parker against the Weber County Irrigation District, wherein Wynne M. Parker, administrator of

---

[1] *Central Bank* v. *Stephens,* 58 Utah, 358, 199 P. 1018.
* See Headnote 1.   26 Cyc. p. 1025.
Headnote 2.   22 C. J. p. 1148.
Headnote 3.   13 C. J. p. 307.
Headnote 4.   22 C. J. p. 1148.
Headnote 5.   13 C. J. p. 593, 22 C. J. p. 1274.
Headnote 6.   4 C. J. p. 679.

the estate of A. F. Parker, was substituted as party plaintiff. Judgment for defendant, and plaintiff appeals.

REVERSED AND REMANDED, with directions.

*Pratt & Pratt,* of Ogden, for appellant.

*A. G. Horn,* of Ogden, for respondent.

FRICK, J.

A. F. Parker commenced this action in the district court of Weber county against the defendant Weber county irrigation district to recover for services pursuant to the terms of a certain contract of employment entered into between him and said district. After the action was commenced and pending, Parker died, and his son, the plaintiff named in the caption, was substituted, as administrator of the estate of the deceased.

In the complaint, after stating the necessary jurisdictional facts and matters of inducement, it is in substance alleged that on the 16th day of December, 1920, the deceased entered into a contract with said district, by the terms of which he was to perform certain services as an irrigation engineer at a salary of $300 per month payable on the 1st day of each month; that said employment was to become effective and the monthy salary was to commence upon notice by said district, and was to continue for a period of six months, unless sooner terminated; that a notice to begin the work specified in said contract had been duly given and the deceased had entered upon said employment and had performed the conditions of said contract; that no part of said salary had been paid.

The prayer of the complaint was for $1,800, covering the salary for a period of six months.

A copy of the contract is attached to and made a part of the complaint.

The defendant filed its answer, in which, after admitting

the jurisdictional facts and matters of inducement, together with the execution of the contract, it denied all other allegations contained in the complaint. The defendant also set up as an affirmative defense that the deceased had not performed any services under said contract; that it was agreed between him and said district that the contract should not become operative, and that no salary should be payable unless and until a certain loan was obtained from certain banks by said district; that said loan was never obtained, and that for that reason the contract never became operative and the deceased never performed any services for said district under it. It was further alleged that the deceased had never complied with any of the conditions of said contract.

The case was tried to the court without a jury. The court made the following findings:

"(3) That on December 16, 1920, the said A. F. Parker and said defendant entered into a contract, a copy of which is attached to plaintiff's complaint, and that on said date said defendant notified in writing the said A. F. Parker to begin work under the terms and conditions of said contract.

"(4) The court finds that after said contract was made the said A. F. Parker did not do or perform any of the conditions or terms of said contract and did not enter upon the performance of any of his duties in said contract and no work was ever done under said contract by the said A. F. Parker."

Upon the foregoing findings, the court entered its conclusions of law favorable to the district, and rendered judgment accordingly. The plaintiff appeals.

The evidence is without conflict. Indeed, the court found that the notice to enter upon the employment, and from the service of which the salary should become payable, was duly given. There was also some evidence, both documentary and oral, that the deceased did in fact perform some services for the district. True, the evidence is not conclusive, but there is substantial evidence to that effect and sufficient to sustain, and as we think sufficient to require, a finding that the contract became operative and that the deceased entered upon his employment. While the district court found that

the required notice before mentioned was duly given, yet, in order to defeat a recovery, the court also found that the deceased "did not enter upon the performance of any of his duties in said contract." Ordinarily, therefore, we should be bound by the court's finding. In this case, however, we are of the opinion that, pursuant to the terms and under the law applicable the important question was whether the contract became effective. The contract provided that upon notice by the district the employment could be terminated at any time. It further provided that in case of such termination the deceased should be paid at the rate of $300 per month for the time the contract remained in force. The salary, therefore, did not depend upon the amount or nature of the services rendered by the deceased, but upon whether he was in the employ of the district pursuant to the terms of the contract. The district court, however, it seems, held that the right to compensation depended upon the amount of services rendered rather than upon the employment under the contract. In so holding we are of the opinion that the district court erred.

While we do not agree with counsel for the plaintiff that the deceased was a public officer and hence was entitled to the salary for the full contract period, we are, however, of the opinion that the deceased, in view of all the evidence and under the terms of the contract, was entitled to salary for the time the contract was in force, regardless of whether he performed much or little or no services, provided he was able, ready, and willing to perform the services he had agreed to perform under the contract. The salary was, however, payable during the time the contract should be in force, and no longer. What that time was is not clear from the evidence. According to the evidence as it now stands, however, the contract was in force for at least some time, if only for a few days. Plaintiff was therefore entitled to a finding respecting the length of time the contract remained in force after the notice which made it operative was served.

The defendant, however, set up a complete defense in its answer, namely, that the contract never became effective.

At the trial the defendant offered to prove that the notice which should cause the contract to become operative was in fact delivered to the deceased upon the express condition that the contract should not become operative until the happening of a certain event, namely, the obtaining of a loan of money by the district from certain bankers with which to defray the expenses of the district. Further, that there was a special reason why the notice was given, and that the deceased fully understood and concurred in the conditional service of the notice. The offer was objected to by plaintiff, and the court sustained the objection and excluded the evidence. The defendant was therefore prevented from proving its defense. The defendant excepted to the ruling of the court, and has presented the question by a cross-assignment of error. We are therefore required to pass upon the question.

It certainly is no longer an open question in this jurisdiction, if it is anywhere, that where a written instrument, regardless of its nature or conditions, is delivered upon the express agreement or understanding by the parties that the instrument shall not become effective except upon the happening of a certain event or not until some act or condition shall have been performed, the instrument does not become effective until the happening of the event or performance of the act or condition. Moreovor, the conditional delivery may always be shown by parol. See *Central Bank* v. *Stephens*, 58 Utah, 358, 199 P. 1018, and cases there cited both from this and other jurisdictions. Such evidence does not vary the terms of the contract, but it merely shows   2, 3 when the same became effective. The district court therefore erred in excluding defendant's evidence, which was offered to prove that, although the notice was served, it was nevertheless agreed between the deceased and the district that it should not become effective until the loan was obtained.

In addition to the foregoing, the defendant also offered to prove that the terms of the contract respecting the time it should become effective were modified by mutual agree-

ment between the deceased and the district. The court rejected the proffered evidence upon the ground that the defendant offered to prove that the modification was made upon the same day that the contract is dated. The court ruled that, if the evidence were admitted, it would in effect' vary the terms of the written instrument by parol. If such was the purpose or effect of the proffered evidence, the court's ruling was clearly right. If, upon the other hand, the purpose and effect of the evidence was merely to prove a modification of the terms, or some of them, of the written contract by parol evidence, then the court erred in excluding the proffered evidence. The contract in this case is not controlled by the statute of frauds, and hence 4, 5 could be modified by parol. Where the terms of a written instrument have all been agreed to and the instrument has been signed by the parties, that is, has been completely executed, then it can be modified at any time after such execution. The time intervening between the execution of the instrument and its modification is not controlling. It is the intention of the parties to modify the agreement in some particular that controls. As is well said by the author in 2 Elliott on Contracts, § 640.

"If the parol contract was in fact made subsequent to the written contract and the evidence thereof is otherwise unobjectionable it makes no difference how short the interval may have been."

If, therefore, the proffered evidence was not inadmissible upon other grounds, the mere fact that the modification of the contract was made upon the same day or during the session of the board of directors of the district at which the contract had been executed is not of controlling importance.

As the evidence and the offer now stand, we are forced to the conclusion that the court erred in refusing to hear the evidence' and in not making a finding upon defendant's affirmative defense.

While it is true that the judgment of the court in favor of the district may ultimately be found to be right, yet, in view of the whole record, this being a law case, we are unable to say that such is the case. If the defendant should es-

tablish its defense and such should be the finding of the court, then it is very clear that the plaintiff cannot recover. If, upon the other hand, the evidence should not be changed to the effect that the contract of employment became effective and the finding of the court is to the same effect, then the plaintiff is entitled to recover some salary, however small. Where, as here, the evidence is excluded, we can examine it only for the purpose of determining whether it should have been received and considered by the trial court. We cannot consider it, unless the parties stipulate to its correctness and authorize us to do so. In view, **6** however, that under the evidence, as it now stands, the plaintiff was entitled to a finding as to the length of time, the employment continued under the contract and was further entitled to salary for the time the employment continued under the contract, and that the defendant is also entitled to a finding upon its defense, the judgment cannot prevail.

The judgment is therefore reversed and the cause is remanded to the district court of Weber county, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed. Plaintiff to recover costs on appeal.

GIDEON, C. J., and CHERRY, J., and WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.

The term of office of Hon. A. J. WEBER, who was Chief Justice when the cause was submitted, expired pending the preparation of an opinion herein.