## TALBOT v. ANDERSON
No. 5213.   Decided October 28, 1932.   (15 P. [2d] 350.)

A. L. Larsen, of Delta, for appellant.

A. H. Hougaard, of Salt Lake City, for respondent.

## ELIAS HANSEN, J.

This action grows out of a contract whereby plaintiff agreed to buy and defendant agreed to sell 360 acres of land in Millard county, Utah. The contract reads as follows:

"Contract of sale. Oak City, Mar. 15th, 1928.

"Contract of sale and purchase between Joseph L. Anderson, seller, party of the first part and Cliff E. Talbot party of the second part, Purchaser.

"Party of the first part agrees to sell 360 acres of land and 70 shares of Central Utah Water Stock, free from mortgage and debt obligations, for the sum of $10,000.00 less $800.00 allowed on house and two lots in Oak City as down payment, with deed and abstract. Balance of $9,200.00 to draw interest at 6% per annum to be paid annually out of crops, after which the cash expense of water assessment, rentals, taxes and threshing is to be paid out of crops.

"Jos. L. Anderson agrees to take first crop of hay and seed, or other crops at market price at place or less freight to market. He further agrees to furnish surplus cattle and horses for pasture at $1.50 per month for over two year old and one dollar per month under two down to calves which go with mothers. Sellers will furnish extra stock as long as we both agree on same.

"Mower and ditcher and spring-tooth harrow is to go with place but purchaser agrees to pasture seller's surplus stock for six months for mower.

"Jos L. Anderson agrees to furnish necessary help in hauling first crop hay and seed at regular wage for service.

"If water stock does not maintain an average water delivery of 1 acre foot of water per share per season for the period of contract the purchaser has the right to collect from seller the sum of $600 providing interest and crop payments have been kept up on place as afore agreed.

"C. E. Talbot, party of the second part, agrees to farm in an industrious and unneglectful manner the above mentioned farm and keep fences and yards in good repair and not remove any improvements or material from place without consent of said Jos. L. Anderson. This agreement is to be kept during the life of this contract.

"After principal and interest is paid in full said Jos. L. Anderson agrees to sign over deeds and water stock with abstract title free from mortgage and incumbrance.

"Should purchaser fail to make payments as agreed in contract this agreement shall at the option of the seller be cancelled and all payments made be forfeited as rental.

"In case of disagreement on crop settlement we both agree to the selection of a third party to help settle difference."

Plaintiff alleges in his complaint that defendant has failed to perform his part of the foregoing contract in the following particulars: That he delivered only 6/10 of an acre foot of water for each of the 70 shares of Central Water stock during the irrigation season of 1928, to plaintiff's damage in the sum of $1,000; that defendant unlawfully took and appropriated to his own use one sack of alfalfa seed and seven tons of alfalfa chaff which seed and chaff were grown on the premises covered by the contract; that defendant demanded that plaintiff vacate the premises covered by the contract. It is further alleged in the complaint that the defendant wrongfully and unlawfully caused the deeds to the lots in Oak City to be executed, acknowledged, and recorded; that the differences which existed between plaintiff and defendant were, by them, submitted to a board of arbitration; that such board of arbitration rendered a decision whereby the defendant was directed to convey the Oak City lots back to plaintiff because defendant failed to deliver the amount of water provided for in the contract, but defendant has failed to reconvey the Oak City property to plaintiff; and that plaintiff has fully performed his part of the contract. Plaintiff prays for a money judgment against the defendant for $1,000 because of defendant's failure to deliver the quantity of water provided for in the contract; for $600, the amount fixed by the contract that defendant should pay in the event the average amount of water delivered per share was less than one acre per annum; and $75, the value of the alfalfa seed and chaff taken by defendant.

Defendant in his answer admits the execution of the contract; that 6/10 of an acre foot of water per share was delivered to the lands in question during the irrigation season of 1928; and that he has not reconveyed the Oak City property back to the plaintiff. Denies all the other allegations of the complaint. He further allegs that plaintiff re-

fused to pay the taxes and water assessments levied against the property covered by the contract; that plaintiff failed to pay the interest on the principal sum owing on the contract; that he failed to deliver to defendant the crops grown on the premises during the year 1928; and that, before the commencement of this action, plaintiff abandoned the property in question and thereby forfeited what he paid on the contract and all of his rights thereunder. Defendant prays that plaintiff take nothing by his complaint and for general relief.

On these issues a trial was had to the court, sitting without a jury. The trial resulted in a judgment being entered in favor of the plaintiff for the sum of $521.48 and costs. The court below found that plaintiff was entitled to recover $600 from the defendant because less than an acre foot of water for each of the 70 shares of stock was delivered during the irrigation season of 1928. The defendant was allowed a set-off against the $600 in the sum of $78.52 because of money he advanced for the use and benefit of plaintiff in connection with the farming operations. Defendant prosecutes this appeal. No evidence was offered by plaintiff at the trial in support of his allegation that the deed of conveyance of the Oak City lots was improperly executed, delivered, or recorded. And, likewise, no evidence was offered to support the allegation that the differences between the parties were submitted to or decided by a board of arbitration.

One of the principal questions which divides the parties relates to the construction that should be given to that part of the contract which provides that: "If water stock does not maintain an average water delivery of 1 acre foot of water per share per season for the period of contract the purchaser has the right to collect from seller the sum of $600 providing interest and crop payments have been kept up on place as afore agreed."

It is defendant's contention that a proper construction of the foregoing provision is that, if plaintiff performed his

part of the contract by paying the full purchase price of the property and if, during the time which elapsed before plaintiff paid the full purchase price, the average annual water delivery was less than one acre foot per share, then, and only in such case, would plaintiff be entitled to the $600 provided for in the contract. Plaintiff takes the position that he is entitled to the $600 provided for in the contract because less than an acre foot of water was delivered during the first and only year the contract was in effect. By its decision, the trial court adopted plaintiff's view. The language of the provision in question does not admit of the construction contended for by respondent and adopted by the court below. It will be noted that the contract provides for the payment of the remainder of the contract price, together with the interest thereon and the taxes and assessments, out of the proceeds derived from the crops grown on the premises. Evidently the parties anticipated that some years would elapse before the full purchase price could be paid in such manner. The $600 was to be paid only in the event the average delivery of water during the period of the contract was less than one acre foot per share per annum. The meaning conveyed by the word "average," as used in the contract, is the arithmetical mean, the result which is obtained by adding the water delivery of each of a number of years and dividing the sum thus obtained by the number of years so added. If the parties had intended that $600 should be paid to plaintiff in the event the water delivery in a given year less than an acre foot per share, it would have been an easy matter to have so provided, and in such case there would have been no occasion to use the word "average."

The judgment appealed from must be reversed for another reason. It is alleged in defendant's answer that plaintiff abandoned the contract upon which his action is founded. As heretofore observed in this opinion, plaintiff complains because the Oak City property was not conveyed back to him and because defendant

demanded that plaintiff vacate the premises covered by the contract. These allegations would seem to indicate that plaintiff regarded his contract as having been rescinded or canceled before his action was begun. The evidence which is preserved in the bill of exceptions and brought here for review is all to the effect that the contract upon which plaintiff relies to support his judgment was terminated before this action was begun. There is some conflict in the evidence as to who was at fault in bringing about the termination of the contract, but, so far as it appears from the evidence, the parties are agreed that the contract is at an end. An action cannot be maintained for the breach of a contract which has been rescinded or canceled, even though such recission or cancellation is by mutual consent, either express or implied, of the parties. 13 C. J. 602; *Schwab Safe & Lock Co.* v. *Snow*, 47 Utah 199, 152 P. 171. The parties may, as a part of their agreement of rescission or cancellation, reserve some rights that they acquired under the contract, but, so far as appears, no such agreement was entered into between the parties to this litigation. The language of the provision of the contract which forms the basis of the judgment appealed from cannot possibly be construed to mean that defendant would pay to the plaintiff $600 after the termination of the contract, if, during its existence, less than an annual average of an acre foot of water per share had been delivered. The $600 was to be paid "providing interest and crop payments have been kept up on place as afore agreed."

If it be a fact, as alleged by defendant in his answer and as testified to by him at the trial, that the contract relied upon by plaintiff was rescinded before this action was begun, such fact would constitute a defense to an action on the contract. The fact that plaintiff may have a cause of action as a result of the rescission does not lend any support to the judgment now under review. Defendant, by one of his assignments of error, complains of the failure of the trial court to find upon the issue of

whether or not the contract was rescinded by the plaintiff abandoning the same. It was of controlling importance that the trial court find upon that issue. The failure to find upon a material issue raised by the pleadings and the evidence is such error as requires a reversal of the judgment. *Baker* v. *Hatch,* 70 Utah 1, 257 P. 673.

The judgment is reversed. This cause is remanded to the district court of Millard county, Utah, with directions to grant a new trial. Appellant is awarded his costs on this appeal.

CHERRY, C. J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.