## NUTTALL v. BERNTSON et al.

No. 5306.   Decided March 16, 1934.   (30 P. [2d] 738.)

*Robinson & Robinson,* of Provo, for appellants.

*Claude F. Baker,* of Eureka, and *J. C. Halbersleben,* of Provo, for respondent.

FOLLAND, Justice.

This is an action for damages for alleged breach of contract. From a verdict and judgment in favor of plaintiff, defendants appeal. The complaint alleges that on October 2, 1930, plaintiff and defendants made and entered into a contract in writing whereby plaintiff agreed to furnish and install according to plans and specifications all necessary plumbing and heating materials for a state mental hospital building in Provo, Utah, for the sum of $30,000; that plaintiff went on the premises at the request of defendants and furnished material and work of the value of $153.17; that on or about October 30, 1930, the defendants, without cause and contrary to the provisions of the contract, refused to permit plaintiff to complete the contract; that plaintiff has at all times mentioned been ready and willing and able to perform all of the requirements of the contract, and by reason of the defendants' breach thereof suffered damages in the sum of $8,386.

. Defendants interposed a general demurrer to the complaint, which was overruling and thereafter answered admitting the signing of the contract set out in the complaint, but denying the other allegations of the complaint. They also alleged affirmatively that they were general contractors with the state of Utah through the state building commission for the construction of the men's ward of the state mental hospital; that, at the time of the signing of the con-

tract alleged, plaintiff and defendants entered into an oral agreement that the pleaded contract or proposal "was to have no force or effect and was not to be binding in any way or manner whatsoever, upon either the defendants or the plaintiff unless and until the plaintiff received the approval of the Utah State Building Commission and of the architect, Joseph Nelson, who was in charge of the construction of the building; and that at said time the plaintiff specifically and definitely agreed with the defendants that he would procure said approval and that unless and until he did procure or receive such approval the contract hereinbefore referred to would have no force or effect and would be regarded by the parties thereto as absolutely null and void; * * * that they signed said proposal or contract only upon and pursuant to said aforesaid understanding and agreement, * * * that except and apart from this oral understanding and contemporaneous agreement they would not have signed said purported contract or proposal; * * * that the signing and delivery of said contract was conditioned and based upon the plaintiff being able to receive" such approval. Defendants further alleged they had done everything required on their part to be performed; that they had submitted plaintiff's name in writing to the state building commission, and requested the commission to approve and ratify their action in selecting plaintiff as such subcontractor, but, notwithstanding this, the state building commission refused to accept plaintiff as a subcontractor on the building, and "this because of no fault or failure on the part of the defendants, but wholly because and on account of the plaintiff." It was further alleged that Laws of Utah 1929, c. 101, vested in the state building commission full power and authority to adopt rules and regulations governing the construction of state buildings, and that one of the requirements adopted by the commission, which was in full force and effect at the time of the making of the contract in question, required that all subcontractors on state buildings be approved by the architect in charge and the state building commission.

The case was tried twice. At the first trial plaintiff moved the court to strike the affirmative allegations of the answer, which motion was granted. At the second trial the court sustained an objection by plaintiff to the introduction of any evidence under the affirmative allegations of defendants' answer. Defendants then made an offer of proof of facts tending to support such affirmative defense. Objection was made to such offer by the plaintiff and by the court sustained. Error is assigned to the striking of the affirmative allegations of defendants' answer and to the sustaining of the objection to the offer of proof. Plaintiff, however, contends that the assignments of error are inadequate because the record does not disclose any motion to strike the affirmative allegations, and plaintiff has based his argument in that respect on the objection to the introduction of evidence. There is some confusion in the record with respect to this matter. It would seem that both parties at the second trial proceeded on the assumption that the answer remained intact, notwithstanding that at the first trial the affirmative allegations thereof had been stricken, and treated the objection to the introduction of evidence as a motion to strike such affirmative allegations. The objection was referred to by plaintiff as a "motion" and, after presentation to the court, the court sustained the "motion." Inasmuch as the allegations were actually stricken as shown by the minutes of the first trial, the defendants precluded from introducing any evidence thereunder at the second trial, and, the objection to the introduction of evidence having been treated as a motion to strike, we think the assignments of error in that respect are sufficient to present for review the correctness of the court's rulings.

Plaintiff further contends that the affirmative allegations in the answer added nothing to the answer not covered by the general denial, and that appellant, therefore, was not prejudiced by the striking thereof, and, further, that the offer of proof was properly refused because it was limited as proof under the affirmative allegations and

was not offered under the general issue. Defendants urge, and plaintiff concedes, that the facts set out in the affirmative allegations of the answer would have been provable if competent, under the general issue. 13 C. J. 736. By their answer, however, defendants admitted signing the contract set forth in the complaint, and by their affirmative allegations sought to avoid the effect of such signing. The general issue was not made by this answer. The rule relied on by both parties is therefore not applicable to the pleadings before us. Having admitted the execution of the contract, it was proper for defendants to allege as new matter that the contract had never become effective or binding because of an oral agreement to the effect that it should not become effective until and unless plaintiff was approved as subcontractor by the state building commission, and that such approval was never given. 49 C. J. 294; *Eucalyptus Growers Ass'n* v. *Orange County N. & L. Co.*, 174 Cal. 330, 163 P. 45; *Lord* v. *Miller*, 86 Wash. 436, 150 P. 631; Phillips, Code Pleading, § 238; 1 Bancroft, Code Pleading, § 266.

The affirmative allegations of the answer were stricken, the objection to the introduction of evidence thereunder sustained, and offer of proof rejected, not because of any question with respect to form of pleading or whether the evidence was admissible under affirmative allegations or general issue, but because the trial court took the view that such matters constituted no defense. The court adopted plaintiff's contention that proof of an oral agreement that the written contract should not become effective until approved by the building commission, made prior to or at the time of the execution of the written contract, was inadmissible as tending to vary by parol the terms of a written instrument, and also that defendants rather than the plaintiff were required to obtain approval of plaintiff as subcontractor by the building commission, and, if such approval was not obtained the contract was nevertheless binding on the parties. The crux of the matter is the alleged oral agreement that the contract should not be bind-

ing until approved by the building commission. In the absence of such an agreement, there would be much force to plaintiff's position that the written contract would be effective as between the parties thereto in the absence of approval. It is well settled in this state that an oral agreement made prior to or contemporaneous with the execution of a written contract that such written instrument is delivered on the express agreement that it shall not became effective except on the happening of a certain contingency, and that the contingency has not happened to give effect to the written contract, may be shown in defense in an action on the written contract. The rule is clearly stated in *Parker* v. *Weber County Irr. Dist.*, 65 Utah 354, 236 P. 1105, 1107, as follows:

"It certainly is no longer an open question in this jurisdiction, if it is anywhere, that where a written instrument, regardless of its nature or conditions, is delivered upon the express agreement or understanding by the parties that the instrument shall not become effective except upon the happening of a certain event or not until some act or condition shall have been performed, the instrument does not become effective until the happening of the event or performance of the act or condition. Moreover, the conditional delivery may always be shown by parol. See *Central Bank* v. *Stephens*, 58 Utah 358, 199 P. 1018, and cases there cited both from this and other jurisdictions. Such evidence does not vary the terms of the contract, but it merely shows when the same became effective."

The rule and the distinctions indicated by the adjudicated cases are set forth in 22 C. J. 1148:

"It has been frequently asserted that parol evidence is admissible to show the existence of some contingency or condition affecting the operation and effect of a written instrument; but on the other hand there are a great many cases holding that parol evidence is not admissible for such purpose. These two lines of authorities, while on their face conflicting, may be to a great extent reconciled by the reasonable assumption that the courts in making the decision one way or the other had in mind, although they may not have clearly expressed, the true distinction, which is this: The rule excluding parol evidence has no place in any inquiry unless the court has before it some ascertained paper beyond question binding and of full effect, and hence

parol evidence is admissible to show conditions relating to the delivery or taking effect of the instrument, as that it shall only become effective upon certain conditions or contingencies, for this is not an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed; but evidence is not admissible which, conceding the existence and delivery of the contract or obligation, and that it was at one time effective, seeks to nullify, modify, or change the character of the obligation itself, by showing that it is to cease to be effective or is to have an effect different from that stated therein, upon certain conditions or contingencies, for this does vary or contradict the terms of the writing." ·

See, also, *Parker* v. *Weber County Irr. Dist.* (Second appeal), 68 Utah 472, 251 P. 11; *Hanson* v. *Greenleaf*, 62 Utah 168, 218 P. 969, 22 C. J. 1245; 10 R. C. L. 1055; 4 Page on Contracts, § 2178; 2 Page on Contracts, Supp. § 2178. The same doctrine is concisely stated in Restatement, Contracts, § 241, at p. 340, as follows:

. "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

There is not anything in the written contract which is inconsistent with the oral agreement pleaded by defendants and offered by them at the trial to be proven. Indeed, the written contract recognizes that it is subject to the plans and specifications furnished by the architect. ■ In the specifications it is provided that, "Sub-contract awards shall be made only to those deemed competent by the architect and owner." The contract in form is a bid or proposal submitted by plaintiff and accepted by defendants. It is wholly consistent with the form and subject-matter of this proposal that it should become effective when the approval referred to is given by the state building commission. If an agreement to this effect can be proved, it would

furnish a good defense if it be also shown that such approval was refused. The court erred in striking the affirmative allegations of the answer.

Defendants urge that the general demurrer to plaintiff's complaint was erroneously overruled. The reasons given are that the complaint on its face shows the contract on which plaintiff relies has to do with the construction of a building for the state of Utah, and, such being the case, it was necessary to allege that plaintiff had complied with all of the rules and regulations of the building commission, and specifically that he had obtained the approval of such commission. We think the demurrer was properly overruled. The complaint alleges the execution of the contract, which is copied in full, and which includes a provision that the work is to be done in accordance with plans and specifications of the architect; that plaintiff has at all times been ready and willing and able to perform all the requirements which were to be performed under its terms; the breach of the contract by defendants; and damages claimed on account thereof. This states a prima facie cause of action. The cases cited by plaintiff support the proposition that, where a statute prohibits the making of a contract with the state or a public agency except in a certain manner, the contract is void if made in any other manner, and the plaintiff must allege in his complaint that the contract was made in accordance with statutory requirements. *State ex rel. State Pub. Co.* v. *Hogan,* 22 Mont. 384, 56 P. 818. Other cases are cited to the same effect. None of these cases are applicable to the facts of the case before us. The contract here was not made with the state but with the general contractor, and there is no statutory requirement which governs the making of contracts by general contractors with their subcontractors. The statute vests full power in the state building commission to contract for the erection of buildings on behalf of the state of Utah and to make all needed rules and regulations with respect thereto. If there is any rule or regulation promulgated by the com-

mission on which defendants rely to excuse, defeat, or avoid the contract alleged by plaintiff, the execution of which is admitted by defendants, it is permissible and proper for the defendants to set up such defense in their answer.

Defendants have assigned a number of alleged errors in the giving of instructions to the jury by the court. With new and different issues before the jury, the instructions on a retrial will necesarily be different in many respects. We therefore do not deem it necessary to discuss all the exceptions to the instructions as given, since the more important questions raised by the assignments of error, discussed and disposed of herein, will make necessary the giving of different instructions.

Error is assigned to instruction No. 3, that the jury was not instructed with respect to the time which must be considered in fixing the cost of labor and materials in determining the amount of damages, if any, to which plaintiff may be entitled. The instruction is deficient in that respect. The court, however, is not required to state all of the law in one instruction. Our attention is not called to any request made by the defendants wherein the court ■ was asked to instruct the jury on the question of time. Undoubtedly on a retrial the court will include in his charge to the jury, particularly if the matter is called to his attention, an instruction that in estimating the cost of performance, the price of labor and materials at the time of breach of the contract is the time to be considered. 17 C. J. 913. If it be shown that plaintiff furnished labor and materials to defendants at their request, he would be entitled to a judgment for the cost thereof, and, in addition thereto, if it be proved that the contract became effective and was breached by defendants, the amount of damages suffered by him. The measure of damages in such case is stated in 17 C. J. 912. We hesitate to speak more specifically, since on a retrial the issues will be different, and other and different evidence may be before the court.

Instruction No. 6 as given would not be appropriate on a retrial if the evidence excluded by the court, and to which we have referred heretofore, is offered and received in evidence.

We have examined the arguments in support of the assignments of error with respect to other rulings on the introduction or exclusion of evidence and find no merit in any of them.

For the reasons stated, the judgment is reversed and set aside, and the district court of Utah county is directed to grant a new trial. Costs to appellants.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.