| American Express Natl. Bank v Blanchard's Contr. LLC |
|:---:|
| 2024 NY Slip Op 31913(U) |
| June 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650382/2022 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**

*Justice*

PART **38M**

-------------------------------------------------------------------------------X

AMERICAN EXPRESS NATIONAL BANK,

Plaintiff,

- v -

BLANCHARD'S CONTRACTING LLC and QUENTIN BLANCHARD,

Defendants.

-------------------------------------------------------------------------------X

INDEX NO. 650385/2022

MOTION DATE 03/13/2024, 03/13/2024

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 16, 17, 18, 21, 22, and 23

were read on this motion for            ATTORNEY WITHDRAWAL     .

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 7, 8, 9, 10, 11, 12, 13, 14, 15, 19, and 20

were read on this motion for            SUMMARY JUDGMENT     .

LOUIS L. NOCK, J.S.C.

In this action for breach of contract and on an account stated, plaintiff moves for summary judgment on the complaint (Mot. Seq. No. 002). There is no opposition to the motion. Counsel for defendants, Thompson & Skrabanek, PLLC, moves by order to show cause to be relieved as counsel, though the motion is styled as a cross-motion (Mot. Seq. No. 001). Upon the foregoing documents, plaintiff's motion for summary judgment and counsel's cross-motion to be relieved are granted, as set forth in the following memorandum.

Plaintiff alleged in its complaint, and defendants admitted in their answer, that the parties entered into an agreement wherein plaintiff would provide defendants with loans to defendant Blanchard's Contracting LLC's (the "Company") vendors (complaint, NYSCEF Doc. No. 1, ¶ 5; answer, NYSCEF Doc. No. 6, ¶ 5; Working Capital Terms, NYSCEF Doc. No. 13, Ex. A at 1).

**650385/2022 AMERICAN EXPRESS NATIONAL BANK vs. BLANCHARD'S CONTRACTING LLC ET AL**
**Motion No. 001 002**

**Page 1 of 4**

1 of 4

[* 1]

Pursuant to the agreement, both the Company and individual defendant Quentin Blanchard obligated themselves to plaintiff (Working Capital Terms, NYSCEF Doc. No. 13, Ex. A at 1 ["This Agreement is between the business for which enrollment in the Program is established (the "Business"), the individual person enrolling in the Program, in their individual capacity and on behalf of the Business (the "Authorizing Person" and together with the Business, "you" or "your"), and an American Express bank ("we," "us" or "our")"]).  Plaintiff issued two loans to the Company's vendors in the total amount of $151,867.25 (Outstanding Loan Statement, NYSCEF Doc. No. 13, Ex. B).  The loans matured in August 2020 (*id.*), and defendants have not repaid them (Hernandez aff., NYSCEF Doc. No. 13, ¶ 9).

A cause of action for breach of contract requires proof of "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages" (*Harris v Seward Park Hous. Corp.*, 79 AD3d 425, 426 [1st Dept 2010]).[1]  The above cited documents establish the existence of an agreement between the parties, plaintiff's performance in disbursing funds to the Company's vendors, and defendant's failure to pay the outstanding loans. By not opposing the motion, defendants have failed to meet their burden to raise a material issue of fact requiring trial (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]).

Counsel, in his motion to be relieved, argues that defendants have valid affirmative defenses due to plaintiff's failure to submit a signed agreement, and that Blanchard himself should not be liable.  He asks that the court stay the motion for summary judgment and allow defendants to obtain new counsel who will interpose these defenses in opposition to the motion. The court declines to do so.  As counsel himself states in his papers, he does not believe that

---

[1] The law in the State of Utah, which governs the agreement, is the same (*see*, *Nuttall v Berntson*, 83 Utah 535, 30 P2d 738, 741 [1934]).

**650385/2022   AMERICAN EXPRESS NATIONAL BANK vs. BLANCHARD'S CONTRACTING LLC        Page 2 of 4
ET AL
Motion No.  001 002**

defendants intend to retain new counsel (Thompson affirmation, NYSCEF Doc. No. 19, ¶ 15). The affirmative defenses raised in defendants' answer are bare and conclusory, without supporting factual allegations, and thus insufficient to oppose summary judgment (*Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]) ("bare legal conclusions are insufficient to raise an affirmative defense"). With respect to Blanchard's personal liability, the agreement provides that any application for funds is a joint application by Blanchard and the Company, both of which are jointly and severally liable to repay the funds (Working Capital Terms, NYSCEF Doc. No. 13, Ex. A at 5-6). While counsel correctly states that there is no signed agreement in the record, plaintiff alleged, and defendants admitted, that they signed the agreement and received the funds (complaint, NYSCEF Doc. No. 1, ¶¶ 5, 9; answer, NYSCEF Doc. No. 6, ¶¶ 5, 9).[2] Accordingly, defendants have no valid defense to interpose.

As to the motion to be relieved, counsel states that communications have broken down between him and his clients, and that Blanchard specifically dismissed him (Thompson affirmation, NYSCEF Doc. No. 19, ¶¶ 9-17). Both are grounds to grant the motion to be relieved (Rules of Professional Conduct [22 NYCRR 1200.00] rules 1.16 [b] [3], [c] [7]), and the court will do so.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted, without opposition, and for the reasons set forth in the motion; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $151,867.25, together with costs

---

[2] To the extent Blanchard may later claim he did not know what he was signing, signatories are presumed to have read and understood the documents they sign (*Karsah Intl., Inc. v Kim*, 225 AD3d 425, 426 [1st Dept 2024]; *John Call Eng'g, Inc. v Manti City Corp.*, 743 P2d 1205, 1208 [Utah 1987]).

**650385/2022   AMERICAN EXPRESS NATIONAL BANK vs. BLANCHARD'S CONTRACTING LLC                Page 3 of 4
ET AL
Motion No.  001 002**

and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that the motion of Thompson and Skrabanek, PLLC, to be relieved as counsel to defendants in this action is granted and, therefore, said law firm and its attorneys are so relieved except to the extent that said law firm will serve a copy of this decision and order on defendants no later than June 7, 2024; and it is further

ORDERED that this action is stayed until July 12, 2024, to allow defendants to obtain new counsel; and it is further

ORDERED that the parties shall appear for a status conference in Room 1166, 111 Centre Street, New York, New York on July 17, 2024, at 10:00 a.m., at which defendants shall appear by new counsel, except that defendant Quentin Blanchard may, if he chooses, represent himself.

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 6/3/2024 | | | | LOUIS L. NOCK, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**650385/2022 AMERICAN EXPRESS NATIONAL BANK vs. BLANCHARD'S CONTRACTING LLC ET AL**
**Motion No. 001 002**

Page 4 of 4

4 of 4